KLEIN & WIFE, Plaintiffs in Error, v. LAUDMAN & WIFE, Defendants in Error.

1. Though there is a presumption of law that a fact continuous in its nature, such as marriage, continues after its existence is once shown, yet this presumption should not be permitted to overthrow the presumption of law in favor of innocence.

2. A. and B. as husband and wife sued C. in an action of slander for words spoken. They proved their marriage. Declarations made by the wife of B., to the effect that previous to her marriage to A. she had been married in Germany to another man, were admitted in evidence in favor of C. to show the marriage with A. invalid. *Held*, that the law, under such circumstances, would presume in favor of the innocence of B. in contracting the second marriage, that the first marriage had been dissolved by death or decree of divorce.

3. *Quere*, whether the declarations of the wife would be admissible in such case to prove the former marriage.

### Error to Cooper Court of Common Pleas.

This was an action by Leonard Klein and Margaret Klein his wife, against Jacob Laudman and Christina Laudman his wife, for slanderous words spoken of and concerning the plaintiff Margaret Klein. The defendants in their answer denied the speaking of the alleged words, and also stated that they had " no knowledge or information sufficient to enable them to form a belief whether the plaintiffs are husband and wife as alleged." At the trial the plaintiffs introduced in evidence a certificate of marriage showing that they had intermarried August 19, 1843. The slanderous words were also proven. The defendants introduced in evidence, against the objections of plaintiffs, declarations made by the plaintiff Margaret Klein, that, previous to her marriage with

the plaintiff Leonard Klein, she had been married in Germany to another man. The plaintiffs offered to prove by parol evidence that said former marriage had been legally annulled and dissolved in Germany previous to the marriage of plaintiffs. The court refused to admit the testimony. The court gave the following instruction at the instance of defendants : " 1. If the jury find from the evidence that the plaintiff Margaret Klein was married in Germany to another person than Leonard Klein, the plaintiff, then such relation is presumed to continue; and it devolves upon the plaintiffs to prove to the satisfaction of the jury that such marriage was legally terminated before the date of the marriage certificate, read in evidence, or they can not recover." Other instructions were given and refused. The jury found for defendants.

*Douglass & Hayden,* for plaintiffs in error.

I. The evidence of the former marriage of Margaret Klein was inadmissible. The pleadings presented no such issue. The answer does not specifically deny the fact that plaintiffs are husband and wife. If there was a misjoinder of parties, the defendants should have resorted to a plea in the nature of a plea in abatement. (1 Leigh, 64 ; 1 Chitt. Pl. 434–48, 742 ; 1 Bac. Abr. 19 ; 7 id. 541–548, 595.) It was overruled by pleading to the merits. (Stephen on Pl. 477 ; 1 Chitt. Pl. 426 ; 13 Mo. 547 ; 17 Mo. 345.) The evidence of a former marriage took plaintiffs completely by surprise. They came prepared to prove the issues. (See 1 Amer. Lea. Cas. 178 ; 16 Verm. 516 ; Voorhies' N. Y. Code, 195 ; 17 Mo. 360 ; 21 Mo. 432.) The first instruction given for the defendants should have been refused; it is erroneous. If evidence of the former marriage was admissible, then plaintiffs had a right to show by parol that said former marriage had been dissolved by divorce. The court erred in excluding the evidence offered. The judgment or decree of divorce, or a certified copy of it, could not be in the possession or power of plaintiffs. Nor is that judgment or decree, or a

certified copy of it, legally attainable by them. (6 Pet. 352; 9 Mo. 443; 1 Greenl. Ev. § 82; 1 Pet. 591; 7 Pet. 99; 3 Monr. 532.)

*J. A. & J. H. Hening*, for defendants in error.

I. There was no error in admitting the evidence of a previous marriage. The defendants were bound to set up the former marriage in their answer. They could not separately plead the fact in abatement. (10 How. Prac. R. 40, 164; 5 Sandf. 210.) The court committed no error in refusing to permit plaintiffs to prove by parol a divorce in Germany. The record of the divorce should have been produced if any existed. (1 Greenl. Ev. § 514, 488; 2 Cranch, 238; 2 Wend. 411; 6 Wend. 475.)

NAPTON, Judge, delivered the opinion of the court.

We think the first instruction which the court gave, in this case, at the instance of the defendants, was erroneous. There was no presumption that a marriage, which was proved to have existed at one time in Germany, continued to exist here after positive proof of a second marriage *de facto* here. The presumption of law is, that the conduct of parties is in conformity to law, until the contrary is shown. That a fact, continuous in its nature, will be presumed to continue after its existence is once shown, is a presumption which ought not to be allowed to overthrow another presumption, of equal if not greater force, in favor of innocence. The fact of a marriage in Germany, which was established in this case by the declarations of one of the plaintiffs, was entirely consistent with the validity of the marriage *de facto*, which, beyond all dispute, existed between the parties here, and after they had produced their marriage certificate, with proof of cohabitation as husband and wife since its date, the presumption was that this marriage was a lawful one, and that the former marriage in Germany, if any such was established, had been dissolved.

There was not any evidence in this case, so far as the bill

of exceptions shows, that the first husband of Mrs. Klein was still living; but if this had been established, we think she was still entitled to the benefit of the favorable presumption that the first marriage had been dissolved by a divorce, and that it was not incumbent on her, in this character of action and under the pleadings in this case, to produce a record of the judicial or legislative proceedings by which the divorce was effected.

It is not by any means clear that the declaration of the wife in this case ought to have been allowed. The general principles of public policy governing the relation of husband and wife do not permit the character or fortune or any other personal rights of the husband to be affected by such loose declarations of the wife as were in proof in this case. The existence of the wife is merged in that of her husband, so far as responsibility to third persons is concerned; and therefore what she does or says can not in general be used as evidence against him. There are, undoubtedly, exceptions to this rule, some of them growing out of the conduct of the husband in holding out his wife to the world as his agent, or in permitting her to act in certain respects as a *feme sole;* some based upon the necessity of the case, or springing from the paramount importance of affording protection to the wife even against the violence or injustice of the husband. But the present is not within any of these exceptions. There are cases of actions brought by husband and wife where the wife is the meritorious cause of action, in which her declarations have been allowed and properly. Thus, in a suit by husband and wife to recover compensation for services of the wife, her admissions of payment have been permitted, because the wife has been allowed to act either on her own account, or as a *quasi feme sole*, or as an agent of her husband. But such cases furnish no precedent for permitting a wife to criminate both her husband and herself. There can be no implication of any assent of the husband to any such declarations, and therefore no ground upon which they can be used against him.

But conceding the competency of the declarations of Mrs. Klein, they did not make out any such *prima facie* case against the plaintiffs as to impose upon them the burden of producing positive proof of a legal and valid second marriage. We do not undertake to say what effect such testimony might have in a criminal prosecution for bigamy. That was not the case before the court. The suit was one for slander, and the answer of the defendants merely stated their ignorance as to whether the plaintiffs were married or not, and called for proof. That proof was given, *prima facie* proof of a valid marriage between the plaintiffs. The defendants then gave in evidence the declarations of the plaintiff, Mrs. Klein, that " previous to her marriage with the plaintiff, Leonard Klein, she had been married in Germany to another man." Surely there was nothing in this circumstance to create a presumption of bigamy. There was no proof that her first husband was living; and if there had been, the woman was still entitled to the charitable presumption that a divorce from her first husband had enabled her to marry a second time. But the court directed the jury to presume the invalidity of the second marriage, unless proof positive of a dissolution of the first was produced.

The other judges concurring in reversing the judgment, the case will be remanded.