Wenning *et al. v.* Teeple *et al.*

No. 17,078.

WENNING ET AL. *v.* TEEPLE ET AL.

| | |
|---|---|
| 144 | 189 |
| 142 | 679 |
| 143 | 578 |
| 145 | 217 |
| 147 | 223 |
| 144 | 189 |
| 148 | 109 |
| 149 | 559 |
| 150 | 164 |
| 151 | 253 |
| 151 | 500 |
| 144 | 189 |
| 153 | 647 |
| 144 | 189 |
| 154 | 587 |
| 156 | 486 |
| 156 | 594 |
| 144 | 189 |
| f157 | 515 |
| 144 | 189 |
| 160 | 578 |
| 144 | 189 |
| 164 | 196 |
| 144 | 189 |
| f168 | 622 |
| 144 | 189 |
| 169 | 78 |
| 144 | 189 |
| f171 | 603 |

APPELLATE PROCEDURE.—*Instructions.—Reversal of Judgment.*—A judgment may be reversed for instructions which would not have been correct under any evidence, although the evidence is not in the record.

BILL OF EXCEPTIONS.—*Filing.—Record.*—A purported bill of exceptions cannot be considered on appeal, where the record does not show that it was ever filed in the court below.

INSTRUCTIONS TO JURY.—*Erroneous.—When Not Cured.*—An erroneous instruction is not cured by another instruction correctly stating the law, where the first instruction is not withdrawn from the jury.

EVIDENCE.—*Burden of Proof.— Impeachment of Marriage.*— The burden is upon a party seeking to impeach a marriage by proof of a former marriage of one of the parties to prove that the former marriage has not been legally dissolved.

WILL.—*From Husband to Wife.—Reputed Wife a Married Woman at Time of Second Marriage.*—If a husband make provision in his will for his reputed wife, the fact that his reputed wife, at the time of her marriage to him, had a husband living from whom she had not been divorced will not avoid the will as to such wife.

PLEADING.—*Complaint.—Action to Set Aside a Will.*—A complaint, in an action to set aside a will, averring generally "that said will was unduly executed," is sufficient on demurrer, notwithstanding the fact that it is followed by facts which are insufficient to avoid the will.

From the Owen Circuit Court.

*D. E. Beem* and *W. Hickam,* for appellants.

*I. H. Fowler* and *W. A. Pickens,* for appellees.

MONKS, J.—This was a proceeding to contest and set aside the last will of John Wenning, deceased, and the probate thereof, instituted by appellees against appellants.

It is alleged in the complaint "that appellees and Jane Shreese were the only heirs of and entitled to inherit the estate of John Wenning at the time of his death, September 26, 1892; that a certain instrument in writing, purporting to be his last will and testament, had been admitted to probate; that Mary Thalle (known as Mary Wenning) and Charles E. M. Mc-Creary are made the sole legatees and devisees, and are given thereby the whole of the estate of said deceased, of the value of $10,000, to the entire exclusion of said appellees and Jane Shreese, who are the children of the deceased and entitled to the whole of his estate; that said pretended will is invalid for the following reasons: That said will was unduly executed. And appellees say that said appellant, Mary Thalle (known as Mary Wenning), is claiming and asserting that she was, at the time of the death of John Wenning, his lawful wife by virtue of a pretended marriage, entered into between her and said John Wenning, at said county of Owen, on the 16th day of April, 1884; that at the time of said pretended marriage of said Mary to said John Wenning, she, the said Mary Thalle (known as Mary Wenning), was married to and was the lawful wife of one Herman Thalle, having married him on November 27, 1883, in the territory of Dakota, in accordance with the laws of said territory in force at the time of said marriage; that at the time of the pretended marriage of said appellant, Mary Thalle (known as Mary Wenning), to John Wenning, her said husband, Herman Thalle, was living, and no dvorce had ever been granted dissolving said marriage to said Herman Thalle; that said Mary Thalle (known as Mary Wenning), abandoned her said husband, said Herman Thalle, in North Dakota, April 1, 1884, and came to Owen county, Indiana, where she has remained ever since said abandonment,

and pretended to be married to said John Wenning on the 16th day of April, 1884, without said marriage to said Herman Thalle in any manner having been dissolved." The complaint sets forth the will in controversy, and also the laws of Dakota concerning marriage and divorce.

A demurrer to the complaint, for want of facts, was overruled. The cause was tried by jury and a verdict returned in favor of appellees, and over a motion for a new trial, judgment was rendered setting aside said will. The only errors urged call in question the sufficiency of the complaint and the action of the court in overruling the motion for a new trial.

Appellants admit that it is sufficient, under the decisions of the court, to allege the cause of contest in the language of the statute, but insist that as the allegations which follow the averment "that said will was unduly executed" constitute the charges of fraud or undue influence relied upon, and that the court should apply the law to these specific allegations, and if these are insufficient a demurrer to the complaint should be sustained.

If the allegations referred to are to control the general averment of undue influence, and are intended to be a specific statement of facts constituting such undue influence, then a demurrer to the complaint should have been sustained.

The mere fact that Mary A. Wenning was married to one Thalle at the time she was married to Wenning, on the 16th day of April, 1894, and that she had never been divorced from Thalle would not be sufficient ground for avoiding the will. Schouler Wills, sections 224, 238, 239. It would be proper to prove such facts, if they exist, at the trial of the cause, under the general allegation that the will was unduly executed,

but, if proven, they alone would not establish the allegation of undue execution.

We think, however, that said allegations concerning the marriage of appellant, Mary A. Wenning, and her not being divorced, and the laws of Dakota are not stated in such a manner as to limit or control the general averment that the will was unduly executed. Such allegations are mere surplusage and could have been stricken out on motion. If, however, the same had been stated with other allegations in such a way as to show that the execution of the will had been procured by fraud or duress, or had been unduly executed for any other reason, it would be proper to overrule a motion to strike out such allegations. The complaint containing the general allegation that the will was unduly executed was sufficient to withstand the demurrer. *Kenworthy* v. *Williams*, 5 Ind. 375; *Reed* v. *Watson*, 27 Ind, 443; *Bowman* v. *Phillips*, 47 Ind. 341; *McDonald* v. *McDonald*, 142 Ind. 55.

Appellees earnestly insist that what purports to be a bill of exceptions containing the evidence is not a part of the record, for the reason that it was never filed, and that, therefore, no question is presented by the motion for a new trial. There is nothing in the record showing that what purports to be a bill of exceptions containing the evidence was ever filed in the court below.

It is well settled that a bill of exceptions, although signed by the judge, is not a part of the record until it is filed. *Downey* v. *Head*, 138 Ind. 503, and cases cited; *Ayres* v. *Armstrong*, 142 Ind. 263; Elliott App. Proceed., section 805, and cases cited. Under these authorities the evidence is not in the record and cannot be considered in the determination of this cause. It does not follow, however, that

all the causes specified for a new trial will fail for this reason.

It is assigned as a cause for a new trial that the court erred in giving instruction 10 to the jury of its own motion, and also that the court erred in giving instruction 17 asked by the appellees. These instructions are in regard to the presumptions and burden of proof as to the marriage to Thalle and the dissolution thereof, and as to the legality of the marriage to Wenning.

It is settled law in this State that when a marriage has been consummated in accordance with the forms of law it is presumed that no legal impediments existed to the parties entering into such marriage, and the fact, if shown, that either or both of the parties have been previously married, and that such wife or husband of the first marriage is still living, does not destroy the *prima facie* legality of the last marriage. The presumption in such a case is that the former marriage has been legally dissolved and the burden that it has not rests upon the party seeking to impeach the last marriage. *Boulden* v. *McIntire*, 119 Ind. 574; *Teter* v. *Teter*, 101 Ind. 129; *Yates* v. *Houston*, 3 Tex. 433; *Dixon* v. *People*, 18 Mich. 84; *Harris* v. *Harris*, 8 Ill. App. 57; *Town of Greensborough* v. *Underhill*, 12 Vt. 604; *Rex* v. *Inhab. of Twining*, 2 B. & Ald. 386; *Squire* v. *State*, 46 Ind. 459; *Klein* v. *Laudman*, 29 Mo. 259; 1 Bishop Marriage and Divorce, section 457.

In instruction 17 asked by appellee, it is stated that if appellant was legally married to Thalle, "then if the jury find from the evidence that said marriage had never been legally dissolved or annulled by death or decree of divorce, or otherwise, the burden of proof was on the appellee, Mary Thalle, to show by a pre-

ponderance of the evidence that said marriage had
been legally dissolved."

This was clearly erroneous. Appellant, under law
as heretofore stated, was not required to prove that
she had been divorced from Thalle. The burden of
proving that the marriage had not been dissolved by
a court or the death of Thalle, was upon the appellees.
If the evidence as to this question was evenly bal-
anced or did not preponderate in favor of appellees,
then the jury must consider and determine the case
upon the presumption that she was not the wife of
Thalle in April, 1884, when it is alleged in the com-
plaint that she was married to Wenning.

In instruction 10 the court informed the jury, refer-
ring to the marriage of Thalle to appellant, Mary
Wenning, "that when a marriage is once established
it is presumed to exist during the life of the parties
or until it is shown by the evidence that it has been
dissolved in some one of the ways known to the law."
No such presumption existed in this case. On the
contrary, the presumption was that Thalle was dead
or divorced, and that there was no impediment to the
marriage to Wenning. *Boulder* v. *McIntire, supra.*

It is true that when the evidence is not in the record
instructions will not be held erroneous, if they would
be correct under any evidence that could be given
under the issues. *Rapp* v. *Kester*, 125 Ind. 79, and
cases cited on p. 82.

The instructions 10 and 17 given in this case would
not have been correct under any evidence that might
have been given under the issues, and for this reason
the cause must be reversed. *Rapp* v. *Kester, supra,*
and cases cited on p. 82; *Lindley* v. *Dempsey*, 45
Ind. 246.

It is claimed, however, by appellees, that these in-
structions, if erroneous, were corrected by another

which correctly stated the law.  If such an instruction was given it would not cure the error.  This could only be done by plainly withdrawing the instructions named from the jury, which was not done in this case. *State, ex rel.,* v. *Sutton,* 99 Ind. 300, and cases cited (307); *Bitting* v. *Ten Eyck,* 82 Ind. 421; *Toledo, etc., R. W. Co.* v. *Shuckman, Admr.,* 50 Ind. 42; *McCrory* v. *Anderson,* 103 Ind. 12; *Lower* v. *Franks,* 115 Ind. 334.

Besides, if two or more instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to the law, it is a cause for reversal.  *Bitting* v. *Ten Eyck, supra; Somers* v. *Pumphrey,* 24 Ind. 231 (237); *Summerlot* v. *Hamilton,* 121 Ind. 87 (90); *State, ex rel.,* v. *Sutton, supra,* and cases cited on p. 307.

There are many other questions discussed in the briefs of the able and learned counsel for appellant, and appellees, but the same either depend on the evidence, which is not in the record, or are such as may not arise at another trial, and are therefore, not considered.

Judgment reversed, with instruction to sustain appellants' motion for a new trial, and for further proceedings not inconsistent with this opinion.

Jordan, J., did not participate in the decision of this cause.

Filed October 16, 1895; petition for rehearing overruled February 13, 1896.