## HADDON ET AL. *v.* CRAWFORD.

[No. 7,495.   Filed March 6, 1912.]

1. DESCENT AND DISTRIBUTION.—*Illegitimate Children.—Complaint.* —*Theory.*—A complaint alleging that the plaintiff was the illegitimate child of the intestate, that after the birth of the plaintiff such intestate and plaintiff's mother were married, that the intestate, before and after such marriage, acknowledged the plaintiff to be his child, and praying that the title to his share of intestate's real estate be quieted, proceeds under §3001 Burns 1908, §2476 R. S. 1881, providing that "if a man shall marry the mother of an illegitimate child, and acknowledge it as his own, such child shall be deemed legitimate," upon the theory that the plaintiff is the legitimate son of the intestate. pp. 555, 557, 559.

2. DESCENT AND DISTRIBUTION.—*Illegitimate Children.—Statutes.*— Section 3000 Burns 1908, Acts 1901 p. 288, providing that illegitimate children shall inherit from the father, where he acknowledges them as his own, where he leaves no legitimate children, or the descendants of any, and §3001 Burns 1908, §2476 R. S. 1881, providing that "if a man shall marry the mother of an illegitimate child, and acknowledge it as his own, such child shall be deemed legitimate," are entirely distinct, the former applying in case such child's father and mother do not marry, and the latter, to cases where they do marry. p. 556.

3. DESCENT AND DISTRIBUTION. — *Illegitimate Children.* — *Instructions.—"Circumstances of Case."*—In a suit to quiet title, an instruction that the burden is upon the plaintiff, born illegitimate, to show that the intestate's wife was plaintiff's mother, and that if the jury are satisfied "from all the evidence and circumstances of the case" that the plaintiff was born out of wedlock, that after such birth such father and mother married, and that after such marriage such father acknowledged such son to be his own, the verdict should be for the plaintiff, is not erroneous, the words "and circumstances of the case" evidently referring to facts shown by the evidence, and not to facts outside the evidence. p. 557.

4.  DESCENT AND DISTRIBUTION.—*Illegitimate Children. — Paternity. —Identity.—Instructions.*—Though acknowledgment of paternity must be clearly shown, an instruction that the plaintiff's identity as the son of his mother can only be established by proof of facts or circumstances which "impel the jury to believe and to act on the belief and say that he was," requires too high a degree of proof.  p. 558.

5.  TRIAL.—*Instructions.—Duplication.*—The court should refuse to duplicate instructions.  p. 558.

6.  APPEAL.—*Briefs.—Points.—Waiver.*—Alleged errors not mentioned in appellants' brief under the points and authorities are waived.  p. 558.

7.  DESCENT AND DISTRIBUTION.—*Illegitimate Children.—Legitimating by Marriage.—Acknowledgment.—Evidence.*—Evidence that, after the birth of an illegitimate child, the intestate married the mother and afterwards or probably theretofore acknowledged such child as his own, is sufficient to entitle such child to inherit as a legitimate child; and it is not necessary to prove that the intestate was the actual father of such child.  p. 559.

8.  DESCENT AND DISTRIBUTION.—*Illegitimate Children.—Acknowledgment.—Denial of Evidence.*—Where an intestate, after his marriage to an illegitimate child's mother and after his acknowledgment of such child as his own, denied his paternity, such denial does not disturb the child's status as his legitimate child, such status being fixed by such acknowledgment.  p. 561.

9.  APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence.  p. 562.

10.  HUSBAND AND WIFE.—*Marriage.—Evidence.*—Evidence that a marriage license was issued to intestate and plaintiff's mother, that intestate treated her as his wife, living with her as such for fifteen years, sufficiently shows a marriage.  p. 562.

From Knox Circuit Court; *Orlando H. Cobb*, Judge.

Suit by Frank Crawford against Flora A. Haddon and another.  From a decree for plaintiff, defendants appeal. *Affirmed.*

*Chaney & Chaney* and *Barrett & Barrett*, for appellants. *Samuel W. Williams* and *Arthur D. Cutler*, for appellee.

HOTTEL, J.—This suit was brought by appellee against appellants and numerous other defendants in the Sullivan Circuit Court.  Its nature and character can best be pre-

sented by a summary of the complaint, and the prayer for relief.

The complaint alleges, in substance, that Jesse Haddon died in Sullivan county, Indiana, on November 26, 1906, in possession of and the owner in fee of numerous tracts of real estate located in said county and particularly described; that on October 11, 1876, said decedent then and theretofore unmarried, and the father of no legitimate child or children, executed his last will, a copy of which is filed with and made a part of said complaint; that said decedent in said will attempted to dispose of his entire estate in the manner, and to the legatees, beneficiaries and trustees mentioned in, and particularly set out and made defendants to, said complaint; that said legatees and beneficiaries have possession of said last will, and are threatening to have it probated; that on January 1, 1861, said Jesse Haddon, then unmarried, became engaged to Mary Caroline Wortman; that during the existence of said marriage contract, to wit, on January 2, 1871, there was born to Mary Caroline Wortman a son, appellee Frank Crawford, and that said Haddon was his father; that subsequently appellee's said father and mother, viz., Jesse Haddon and Mary Caroline Wortman, were duly married, and lived and cohabited together as husband and wife in said county until the death of said Mary Caroline on the 10th day of ———, 1899; that at numerous times before and after said marriage said Jesse acknowledged that appellee was the son of said Mary Caroline and that he, Jesse Haddon, was plaintiff's father; that after the death of appellee's mother, to wit, on February 1, 1901, said Jesse Haddon was married to appellant Flora A. Haddon, and they lived and cohabited together as husband and wife up to the time of the death of said Jesse Haddon on November 26, 1906; that on January 20, 1902, there was born to said Flora A. and Jesse Haddon a daughter, who is appellant Jessie Helen Haddon; that appellee and appellants Flora A. Had-

don and Jessie Helen Haddon are the sole heirs at law of Jesse Haddon, deceased; that by reason of the marriage of said Jesse Haddon and appellee's mother; and the acknowledgment made by said Jesse Haddon that appellee was his son, and the subsequent marriage to appellant Flora A. Haddon and the birth of said daughter in wedlock, all subsequent to the making of said will, the will should be revoked and held to be void and of no force and effect; that by reason of said facts appellee is the owner of a fee simple title. Then follow averments, common in partition, setting out ownership, tenancy in common, and the respective interests of appellants and appellee, and other defendants, in the several tracts, describing them, etc.

It is further alleged that the defendants other than Flora A. and Jessie Helen Haddon, assert, claim and pretend to have and to hold some interest in the real estate adverse to plaintiff's claim. The prayer asks that the will be revoked, that the beneficiaries thereunder be decreed to have no interest in the real estate, that the real estate be partitioned and the interest of the owners be set off in severalty, that plaintiff's title be quieted as against the claims of all defendants, that plaintiff be permitted to take the name of Frank Haddon, and hereafter to be known and recognized as the legitimate son of Jesse Haddon, deceased.

Separate demurrers by appellant Flora A. Haddon and by the guardian *ad litem* of Jessie Helen Haddon were filed to said complaint, which were by the court overruled and exceptions saved. A cross-complaint was filed by said appellants, seeking to quiet title in them to the real estate in controversy. A denial to the complaint and cross-complaint closed the issues. There was a trial by jury and a verdict returned for appellee "on the issues joined against each and all the defendants." A motion for a new trial was overruled, to which appellants excepted, and a decree was entered on the verdict, adjudging that Flora A. Haddon and Jessie Helen Haddon take nothing on their cross-complaint,

that appellee ''be and is the owner in fee simple title by inheritance of the undivided one-third part in value of the real estate, * * * the two-thirds being in the defendants Flora * * * and Jessie;'' that appellee was the son of Jesse Haddon, deceased; that Mary Caroline Wortman, wife of Jesse Haddon, was appellee's mother; that appellee has the right to inherit as the son of Jesse Haddon, and to use and take the name of Frank Haddon; that the will is null and void, and that appellee have partition of said real estate and that the one-third value thereof be set off to him and his title quieted thereto. The following errors are relied on: (1) That appellee's complaint does not state facts sufficient to constitute a cause of action against appellants; (2) that the court below erred in overruling appellants' separate demurrers to appellee's complaint; (3) that the court below erred in overruling appellants' motion for new trial.

The objections urged against the complaint are that it shows appellee to be ''an illegitimate child, claiming inheritance from Jesse Haddon, asserting that said Jesse

1. Haddon was his father, and that at the time of his death said Jesse Haddon left surviving him a lawful widow and a legitimate child, and this being true appellee could not inherit.'' In support of this position counsel cite §3000 Burns 1908, Acts 1901 p. 288; Townsend v. Meneley (1906), 37 Ind. App. 127, and Stewart v. Wells (1911), 47 Ind. App. 228.

Appellants either misinterpret the theory of appellee's complaint, or are in error as to the section of the statute governing it. If appellee's mother and Jesse Haddon had not married after the birth of appellee, and he were seeking to recover as the illegitimate child of Jesse Haddon, on the theory that Jesse Haddon had during his lifetime acknowledged appellee as his son, then appellants' contention would be correct. But the theory of the complaint is that appellee, son of Mary C. Wortman, born out of wedlock, and the

illegitimate son of Jesse Haddon, was afterwards legitimated by the marriage of the father and mother, and the acknowledgment thereafter by Jesse Haddon that appellee was his son, born of his said wife, and that thereby appellee, under §3001 Burns 1908, §2476 R. S. 1881, which is a part of the statutes of descent, became entitled to inherit from said Jesse Haddon the same as any legitimate child would inherit.

Section 3000, supra, provides as follows: "That the illegitimate child or children of any man dying intestate and having acknowledged such child or children during his lifetime as his own, shall inherit his estate, both real and personal, and shall be deemed and taken to be the heir or heirs of such intestate in the same manner and to the same extent as if such child or children had been legitimate. Provided, that the testimony of the mother of such child or children shall in no case be received to establish the fact of such acknowledgment: And be it provided, that the provisions of this act shall not apply where the father of the illegitimate child, at his death, had surviving legitimate children or descendants of legitimate children."

Section 3001, supra, is as follows: "If a man shall marry the mother of an illegitimate child, and acknowledge it as his own, such child shall be deemed legitimate."

The two sections are entirely independent, the one providing the method of legitimating the illegitimate child, in which case it may inherit from the father as his 2. natural or legitimate child, and the other making provision for the illegitimate child's inheritance, where the first necessary step of legitimation, viz., the marriage of the parents, has not been taken. Section 3001, supra, is a part of the law of descent, and the illegitimate child legitimated according to its provisions inherits from the father the same as his legitimate children. Franklin v. Lee (1902), 30 Ind. App. 31, 40; Harvey v. Ball (1869), 32 Ind. 98; Binns v. Dazey (1897), 147 Ind. 536.

In discussing the grounds for their motion for a new trial, appellants first insist that the court erred in giving and refusing to give certain instructions.

Instruction three, given at the request of appellee, is objected to on the ground that it tells the jury that in the opinion of the court the evidence is sufficient to prove

3. the averments of the complaint and permits the jury to go, and in fact tells them they may go, outside the evidence to reach a conclusion. The instruction is not open to either objection, but, on the contrary, it expressly tells the jury that the burden is on plaintiff to show by a preponderance of the evidence that Mary Caroline Wortman was plaintiff's mother, and that if the jury is satisfied from all the evidence and circumstances of the case that said Mary Caroline Wortman was the mother of plaintiff, and that said child was born out of wedlock, and that after the birth of said child Jesse Haddon married the child's mother, and that after said marriage said Jesse Haddon acknowledged said child to be his own, then the verdict should be for plaintiff. The words "and circumstances of the case" as used in the instruction cannot be said to imply or refer to any facts, events or incidents arising outside of the evidence, and disconnected from the trial. Said words as used in this instruction have the approval of the Supreme Court in the case of *Pfaffenback* v. *Lake Shore, etc., R. Co.* (1895), 142 Ind. 246, 250, 251.

It is urged against instruction four, given at the request of appellee, that it is based on the theory that §3001, *supra*, is the statute in force which is applicable to the claim

1. of appellee, whereas the rights of the parties must be determined under §3000, *supra*. What we have before said on the question of the theory of appellee's complaint, and the section of the statute applicable thereto, renders unnecessary a further consideration of the objection to this instruction. Practically the same objection is made to instruction five, given at the request of appellee. The case

of *Franklin* v. *Lee, supra,* was predicated on the same section of the statute here involved, and the legal proposition announced in instruction five is there fully discussed, approved and supported by citation of authorities.

The refusal to give instruction three, tendered by appellants, is urged as error. This instruction by its express terms provided that "plaintiff's identity as the son of Mary Caroline Wortman * * * can be established only by proof of facts or circumstances, or both, which *impel the jury to believe and to act on the belief and say that he was.*" (Our italics.) The law requires that in such cases the acknowledgment of the paternity of the illegitimate child shall be "clear and unambiguous" in its character. *Townsend* v. *Meneley, supra;* 3 Am. and Eng. Ency. Law (2d ed.) 897.

But we know of no authority that holds that the proof on this question, so far as its impelling and controlling force on the minds of the jurors is concerned, shall be of any different or higher degree than the proof of any other material and essential fact. This instruction in its essential features was covered by instructions given by the court which stated the law applicable to this branch of the case as favorable to appellants as the authorities warrant. The refusal to give instruction nine, tendered by appellants, is also urged by them as error. An examination of the instructions given discloses that every essential feature of this refused instruction was covered by those given by the court on its own motion, and especially by instructions two and seven.

We have considered all the instructions either given or refused on which error is predicated in appellants' points and authorities. Others are covered by the grounds of the motion for a new trial, but any error in giving or refusing to give them is waived, because not pointed out in the points and authorities or the argument.

Appellants next insist that the verdict is contrary to law, for the reason that under the law of descent in Indiana the illegitimate child could not and should not be placed on an equal footing with the lawful child of the decedent.

Appellants again make the mistake of assuming that appellee seeks to and must recover as the "illegitimate" child of Jesse Haddon instead of as his "legitimated" child.

1. What we have said on this phase of the case in the discussion of the complaint applies to this ground of the motion for new trial, and need not be repeated or supplemented with additional comments or authorities.

Finally, it is contended by appellants that the verdict is not sustained by sufficient evidence. . This ground of the motion will be considered on the assumption that §3001, *supra,* applies to and controls the facts of the case without further reference to appellants' contention on this phase of the case. According to the letter and terms of the provisions of this section of the statute, appellee was required to aver and prove only the following facts: That Jesse Haddon married Mary Caroline Wortman, that said Mary Caroline Wortman was the mother of appellee, that appellee was her illegitimate child, and that Jesse Haddon acknowledged such child as his own. It is insisted by appellants that under this section appellee was required to "unquestionably prove" that appellee is the natural son of Jesse Haddon and Mary Caroline Wortman, that Jesse Haddon and Mary Caroline Wortman were married, and that Jesse Haddon acknowledged appellee as his son after the alleged marriage.

While we think that there was ample proof in this case to justify the jury in inferring and believing that Jesse Haddon was the real or natural father of appellee,

7. yet we think that proof of this character, under the provisions of this statute, was unnecessary. The language of the statute is, "if a man shall marry the mother," etc., not "if the father marry the mother." By the

marriage of the man to the mother of the illegitimate child, and the acknowledgment that the child is his own, he fixes and settles the paternity of such child for the purposes of this statute, without regard as to whether he is its real father or natural father. *Bailey* v. *Boyd* (1877), 59 Ind. 292, 297.

A more difficult question would be presented by appellants' contention, that the proof must show that the acknowledgment of the child occurred after the marriage to the mother, if the question came to us in a way to require us to determine whether the trial court should so limit the evidence on this question. Under a former statute (R. S. 1843 p. 438) this evidence was clearly so limited. But the language of that statute differed from the present statute, in that it expressly provided that the acknowledgment should be "after marriage." It was as follows: "If any man shall marry a woman who has, previous to the marriage, borne any illegitimate child, and after marriage shall acknowledge such child as his own, such child shall be deemed legitimate to all intents and purposes." See *Harvey* v. *Ball* (1869), 32 Ind. 98, 101. The present law, enacted in 1853, omits the words "after marriage". This omission seems significant, and, taken in connection with the decisions of the Supreme Court and this court, holding that such laws are remedial and should be given a liberal construction, "so as to carry out the manifest intention of the legislature" *(Townsend* v. *Meneley* [1906], 37 Ind. App. 127, 134, and authorities cited) furnishes strong ground for appellee's contention that the acknowledgment may be either before or after the marriage. However, anything we may say upon this question would be mere dictum, because its decision, as before indicated, is not involved in the determination of the questions presented by this appeal. We therefore leave the question to be determined when properly presented. The question is not before us, because the court below excluded not only all the offered evidence of actual

acknowledgment by Jesse Haddon before his marriage with appellee's mother, but also excluded evidence of identification of said Jesse Haddon in connection with his acts and conduct toward appellee and his mother before the marriage and during the time of her supposed pregnancy and about the time of the birth of appellee, and acts and conduct with reference to the care and disposition of the mother and child which might have tended to corroborate the evidence of the acknowledgment after the marriage. Appellants have therefore obtained the full benefit of their contention in this regard, and the evidence on which the acknowledgment in this case must be upheld, if at all, is evidence of acknowledgment after the marriage. An examination of the evidence convinces us that the jury not only had some evidence on which to base the verdict in this regard, which under the law is enough, but that the evidence fully warranted the conclusion reached by the jury.

It is insisted that one or more witnesses testified to conversations had with Jesse Haddon after his marriage, in which he denied that he was the father of Frank

8. Crawford, and that for this reason the proof of acknowledgment fails. If Jesse Haddon in fact married appellee's mother and acknowledged appellee as his son according to the provision of the statute, heretofore cited, he thereby, in the absence of fraud or coercion vitiating it, legitimatized and fixed the status of such son, and it could not be afterwards changed by any statement or conduct of either the father or mother with reference thereto. *Brock* v. *State, ex rel.* (1882), 85 Ind. 397, 399. Such proof would be proper only for the purpose of determining whether the acknowledgment was in fact ever made and intended, but not for the purpose of defeating such acknowledgment when once actually made and intended.

It is next insisted by appellants that the evidence does not show that appellee was the son of Mary Caroline Wortman,

wife of Jesse Haddon. Without quoting from the evidence, it is sufficient to say that there was some evidence on this branch of the case, and it was of such a character that we are not surprised that the two juries that tried the case reached the same conclusion with reference thereto.

Lastly, it is earnestly insisted that the evidence fails to prove the marriage of Mary Caroline Wortman and Jesse Haddon. Counsel for appellants, in their discussion of this question in their brief, fail to distinguish between what constitutes a marriage and the proof necessary to prove or create the presumption of such marriage. Appellants apparently forget that ''every intendment of the law is in favor of matrimony. When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of the proof, the law raises a strong presumption of its legality.'' 1 Bishop, Mar. and Div. §457. See, also, *Boulden* v. *McIntire* (1889), 119 Ind. 574, 580, 12 Am. St. 453; *Franklin* v. *Lee, supra.*

We think the proof in this case is sufficient to justify the jury in inferring a ceremonial marriage. A copy of a record was introduced in evidence, showing that a marriage license was issued to Jesse Haddon and Mary Caroline Wortman. There was evidence that the certificate of marriage was in the possession of Jesse Haddon and his wife Mary Caroline, at least up to the date of her death in 1899. A newspaper containing an announcement of the marriage was given in evidence, and it was also shown that shortly after the appearance of such announcement in the paper Jesse Haddon introduced said Mary Caroline to his neighbors and friends as his wife. Afterwards, in a conversation at the table on their wedding anniversary, the wife and Jesse talked of the occasion of their wedding, and of some of the incidents of that day. In any event, the proof conclusively shows that immediately after the issuing of said license and

the reported marriage in 1884, said Jesse Haddon took said Mary Caroline Wortman to his home in Sullivan county, and there lived with her until her death in 1899, a period of fifteen years, and during all that time they treated each other as husband and wife, and so introduced themselves to their relatives, neighbors and friends, and finally, on the death of said Mary Caroline said Jesse Haddon had her buried in the Haddon graveyard near the old Haddon home, and caused to be placed at her grave a stone containing the inscription "Mary C. Haddon *nee* Wortman," etc. This evidence was ample under the law of this State to sustain the conclusion of the jury on this question as expressed in the verdict.

On this subject our Supreme Court, in the case of *Teter* v. *Teter* (1885), 101 Ind. 129, 134, 51 Am. Rep. 742, said: "We said when this case was last here, that little, if any, formality was required in the marriage ceremony, and we now say that no formal ceremony is necessary, and that if the motives are good, the intention to effect an immediate marriage is present, and the purpose to unite as husband and wife exists in the minds of both parties, mutual consent is all that is required."

This question is thoroughly discussed and authorities cited and quoted from in the case of *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 41, 43, which is a case based on the section of the statute involved in this case. See, also, in this connection, *Boulden* v. *McIntire, supra; Bowers* v. *VanWinkle* (1872), 41 Ind. 432, 435, and *Trimble* v. *Trimble* (1850), 2 Ind. 76, 78.

Under these authorities the proof was entirely sufficient to prove the marriage of appellee's alleged parents.

Counsel for appellants have filed an elaborate brief in the case, and have collected and cited many authorities on the several questions herein considered, which we deem unnecessary to discuss or distinguish from those which we follow in

this decision. It is sufficient to say that those authorities cited and relied on which seem to support appellants' contention relate either to cases where the illegitimate child as such was asserting claim to the property of its father, or where the statutes regulating inheritance in such cases were different from those of our own State, in that they adhered more closely to the common-law doctrine that treated the unfortunate illegitimate as an outcast upon society "without pride of ancestry or hope of inheritance."

The conclusion reached in this case, and the law as herein declared, are in perfect harmony with the former decisions of the Supreme Court and this court, as well as with the laws of all the states, which, like our own, have by legislative enactment sought to mitigate the hardship of the lot of those unfortunate persons born into the world out of wedlock, and to make easier the removal of the "bar sinister" in such cases.

This case has been twice submitted to a jury for trial, first in Sullivan county and then in Knox county. In each trial the jury returned a verdict in favor of appellee, appellants after the first verdict having been granted a new trial as a matter of right.

A careful examination of the record and the evidence in this case convinces us that appellants had a fair trial, with no intervening error of law that could possibly have prejudiced their case, but that on the contrary, where doubt might have existed in the mind of the trial court as to the admission or exclusion of evidence or the law applicable to the facts, such doubt was resolved in favor of appellants.

Judgment affirmed.