ROSS *v.* RED CAB COMPANY.

[No. 16,174. Filed April 18, 1938. Rehearing denied June 29, 1938.]

*Humphrey C. Harrington* and *Donald F. La Fuse,* for appellant.

*Cooper, Royse, Gambill & Crawford,* for appellee.

BRIDWELL, J.—On February 25, 1937, appellant, claiming to be the widow of one William G. Ross, deceased, filed with the Industrial Board of Indiana her application for an adjustment of her claim for compensation against appellee, alleging that the death of the said William G. Ross was caused by reason of an accident arising out of and in the course of his employment by appellee. Such proceedings were had that the full Industrial Board, by a majority of its members, and after hearing an application for review of an award by one member, rendered an award against appellant and ordered: "that plaintiff (appellant) shall take nothing by her complaint herein, and that she shall pay the costs of this proceeding." This appeal was thereafter perfected, the error assigned and relied upon for reversal being that the award is contrary to law. This assignment presents for consideration the sufficiency of the facts found to sustain the award, and the sufficiency of the evidence to sustain the finding of facts.

The finding of facts made by the Industrial Board, omitting the formal parts, is as follows:

"And the full Industrial Board . . . now finds that on January 17, 1937, one William G. Ross was in the employ of the defendant Red Cab Company as a driver of a taxicab at an average weekly wage of $25.00; that on January 17, 1937, said William G. Ross died as a result of gunshot wounds inflicted by parties unknown, that the death of the said William G. Ross was incident to, arose out of, and was in the course of his employment with the defendant Red Cab Company.

"It is further found that on October 11, 1935, the said William G. Ross was married to one Blanche Minnich and that they lived together as man and wife until November 14, 1935, at which time they separated and never resumed marital relations.

"It is further found that on July 1, 1936, William G. Ross filed suit for divorce from Blanche Minnich Ross in the Superior Court of Marion County and that on October 14, 1936, in said court an order

was entered dissolving the bonds of matrimony existing between the said William G. Ross and the said Blanche Minnich Ross.

"It is further found that on April 19, 1936, the said William G. Ross and Cecil Nolan were united in marriage in the city of Vincennes, Knox County, Indiana; that at the time of said marriage the said Cecil Nolan had no knowledge that the said William G. Ross was legally married to the said Blanche Minnich Ross; that the said Cecil Nolan Ross had no knowledge of the divorce proceedings filed by the said William G. Ross nor of the decree of divorce granted to the said William G. Ross dissolving his marriage with Blanche Minnich Ross; that no ceremony uniting in marriage William G. Ross and Cecil M. Nolan was performed subsequent to the decree of divorce granted William G. Ross, October 14, 1936; that the said Cecil Nolan Ross and William G. Ross lived together as man and wife and were so living together at the time of the death of the said William G. Ross; that the said William G. Ross and the said Cecil Nolan Ross were known among their friends and acquaintances as man and wife.

"And the Full Industrial Board now finds, by a majority of its members, for the defendant on plaintiff's application for the adjustment of a claim for compensation filed February 25, 1937, that at the time of the death of the said William G. Ross the said Cecil Nolan Ross was not a dependant of William G. Ross within the meaning of the Indiana Workmen's Compensation Law."

The only question presented on this appeal is concerning the right of appellant to an award of compensation *as the widow* of the deceased employee, William G. Ross. It is not contended here that the death of the said employee was not due to an accident arising out of and in the course of his employment, nor is the amount of his average weekly wage, as found by the Board, questioned.

The evidence concerning the claimed marital relationship between appellant and the said decedent is not conflicting. It shows that a ceremonial marriage in

accordance with the laws of this state was solemnized between them at the city of Vincennes, Indiana, on April 19, 1936; that from then until the death of said William G. Ross, on January 17, 1937, he supported appellant and she was wholly dependent upon him for support; that during this period of time they lived together continuously as husband and wife and were so known and recognized by their relatives and friends, and their social and business acquaintances.

There is also evidence to prove that on October 11, 1935, the said William G. Ross married one Blanche Minnich, with whom he lived approximately one month when a separation occurred and they never lived together thereafter; that on July 2, 1936, William G. Ross filed his complaint for a divorce from Blanche Minnich Ross and a decree granting him a divorce was entered October 14, 1936. Notice to the defendant of the pendency of this action was given by publication in a newspaper, and upon the trial of the cause she failed to appear and was called and defaulted. The affidavits filed with the complaint averred that the place of residence of the defendant was unknown.

There is an entire lack of evidence concerning Blanche Minnich Ross following the separation heretofore mentioned, and it is not shown whether she, on April 19, 1936 (the date of the second marriage ceremony) was living or dead, or whether she had procured a divorce from the deceased, or had not done so.

It is proven without contradiction that appellant did not know concerning the divorce action brought. Upon and after an examination and consideration of the entire evidence, we can reach but the one conclusion, that appellant from the time of her ceremonial marriage with the said William G. Ross until his death lived with him in good faith as his wife. There is nothing proven

which would tend to indicate an intention on her part at any time to enter into or to continue any illicit relationship.

Was proof of the fact of the bringing of the divorce proceeding and the obtaining of a decree for a divorce by William G. Ross, *and this alone,* sufficient evidence to sustain the award made by the board in the instant case, under the undisputed facts disclosed by the record? We think not.

Appellee, seeking to sustain the award, contends that the marriage of appellant and the decedent Ross was void because of his prior marriage, but appellee failed to introduce any evidence to prove that the deceased had a wife living and undivorced when the ceremonial marriage between him and the appellant was consummated. In the absence of such proof the law presumes the validity of a ceremonial marriage. *Teter* v. *Teter* (1884), 101 Ind. 129; *Boulden* v. *McIntire* (1889), 119 Ind. 574, 21 N. E. 445; *Wenning* v. *Teeple* (1895), 144 Ind. 189, 41 N. E. 600; *Bruns* v. *Cope* (1914), 182 Ind. 289, 295, 105 N. E. 471; *Brokaw* v. *Brokaw* (1933), 97 Ind. App. 607, 609, 187 N. E. 691; *Dunn* v. *Starke County Trust and Savings Bank, Exr.* (1933), 98 Ind. App. 86, 184 N. E. 424.

In the case of *Wenning* v. *Teeple, supra,* our Supreme Court, in discussing this subject-matter, said (p. 193):

> "It is settled law in this state that when a marriage has been consummated in accordance with the forms of law it is presumed that no legal impediments existed to the parties entering into such marriage, and the fact, if shown, that either or both of the parties have been previously married, and that such wife or husband of the first marriage is still living, does not destroy the *prima facie* legality of the last marriage. The presumption in such case is that the former marriage has been legally dissolved and the burden that it has not rests upon the party seeking to impeach the last marriage."

In the instant case no evidence was offered to prove that the former wife was still living, or that she had not herself procured a divorce prior to the marriage of appellant here involved. In the case of *Boulden* v. *McIntire, supra,* the court had before it for determination the validity of a marriage entered into by one who had been previously married, and after reviewing a number of decisions of this and other jurisdictions approved the former decision of the court in *Teter* v. *Teter, supra,* wherein the court had stated that the presumption in favor of matrimony is one of the strongest known to the law, and then continued as follows (p. 580):

"The presumption of the death of the former husband or wife, in the case of second marriage, is only one of the many presumptions the law indulges in favor of the validity of the second marriage. As the authorities cited abundantly establish, *every* presumption is to be indulged as against the illegality of such a marriage. If the law will presume the termination of the former marriage relation by the death of one of the parties to it, why not indulge any other presumption which might legally terminate that relation? We think, where the facts are not such as to destroy such a presumption, that a dissolution of the first marriage, by divorce, will be presumed in favor of the validity of the second marriage."

In addition the court approved the following statement as to the law from the case of *Klein* v. *Laudman* (1860), 29 Mo. 259, to wit (p. 580):

" 'There was no presumption that a marriage which was proved to have existed at one time in Germany continued to exist here after positive proof of a second marriage *de facto* here. The presumption of law is, that the conduct of parties is in conformity to law, until the contrary is shown. That a fact, continuous in its nature, will be presumed to continue after its existence is once shown, is a presumption which ought not to be allowed to overthrow another presumption of equal if not

greater force, in favor of innocence. . . . There was not any evidence that the first husband of Mrs. Klein was still living, but if this had been established, we think she was still entitled to the benefit of the favorable presumption that the first marriage had been dissolved by a divorce.' "

Further on in the opinion it is said (p. 581):

"As we have seen from the authorities cited, the law required the party who asserts the illegality of the marriage to take the burden of that issue and prove it, though it may involve the proving of a negative."

Under the facts disclosed by the record and the law as announced in the authorities heretofore cited, we conclude that the award of the Industrial Board is contrary to law and should be reversed. Dependency as a fact is proven by uncontradicted evidence; also, living together in the marital relationship continuously from marriage until death. Considering all the evidence bearing upon the question of marriage, we are of the opinion that appellant is entitled to the benefit of the presumption as to the validity of her marriage with the deceased, and with this presumption operating in her favor, the Industrial Board should have awarded her compensation as the widow of the deceased employee.

Award reversed, with instructions to proceed in accordance with this opinion.

Kime, J., concurs in result.