Inland Steel Company *v.* Barcena.

[No. 16,908. Filed March 4, 1942.]

*McAleer, Dorsey, Travis & Young,* of Hammond, for appellant.

*Earl Heffner,* of Indianapolis, and *Robert Estill,* of East Chicago, for appellee.

CURTIS, J.—This was an action instituted by the appellee as plaintiff below against the appellant as defendant, before the Industrial Board of Indiana, for the adjustment of a claim for compensation under the Indiana Workmen's Compensation Act, wherein the appellee claimed to be the wife and sole surviving dependent of one Estanislao Barcena, deceased. Under Rule 10 of the Industrial Board, an answer in general denial was deemed filed by the appellant.

The cause was set for hearing before a single member of the board who entered an award in favor of the appellee, finding that she was the common-law wife of the said Barcena and was wholly dependent upon him at the time of his death. In due time the appellant filed an application for review before the full board. Thereafter, said board, by majority of its members, also entered an award for the appellee. It is from the said final award of the Industrial Board that this appeal has been prosecuted, the errors assigned being that the award of the full Industrial Board of Indiana is contrary to law. This assignment of error is sufficient to present the questions sought to be raised.

A part of the evidence was by a stipulation which we now set out:

"It is stipulated and agreed by and between the parties hereto that the decedent, Estanislao Barcena, was employed by the defendant, Inland Steel Company, on and prior to the 29th day of May, 1940; that on said date he met with an accident while so employed, said accident arising out of and in the course of his employment by the defendant, resulting in injuries to him from which he died on May 30, 1940; that the defendant had knowledge of the said accident and resulting death of the said employe; that his average weekly wage was in excess of $30.00.

"It is further stipulated and agreed by and between the parties that prior to the filing of a Form 10 on June 8, 1940, the parties disagreed as to compensation."

Among the findings of the full board are the following:

"Said full Industrial Board, by a majority of its members, further finds, that the said Ruby Barcena at the time of said accidental injury and subsequent death, was a common-law widow

wholly dependent on the said decedent Estanislao Barcena at the time of said death.

"The full Industrial Board, by a majority of its members, further finds, that the statutory funeral allowance has not been paid, and that one Jesus Barcena, a brother of said decedent, paid said funeral expenses."

We also quote a part of the award as follows:

"AWARD. It is therefore considered, ordered and adjudged by the Industrial Board of Indiana, by a majority of its members, that there is awarded plaintiff as against the defendant compensation at the rate of $16.50 per week, beginning May 30, 1940, continuing for a period of 300 weeks, or until modified or terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana."

The main contention of the appellant is that since the evidence shows conclusively that the appellee is a Negro, that she could not be the common-law ■■ widow of said Estanislao Barcena, who was a Mexican. The statute relied upon by the appellant is § 44-104, Burns' 1940 Replacement, which provides as follows:

"The following marriages are declared void: . . . Second: When one of the parties is a white person and the other possessed of one-eighth or more of negro blood."

The appellant's theory would be correct and the statute would apply if the evidence had shown that Estanislao Barcena was a white person, but the evidence is such that the board was warranted in concluding that such proof was not made. The evidence shows that he was a Mexican, and that he was whiter than the appellee. The Encyclopædia Britannica, 11th Edition, Vol. 18, p. 322, states that approximately one-fifth of the inhabitants of Mexico are whites, approximately two-

fifths Indians, and the balance made up of mixed bloods, Negroes, Japanese, and Chinese. It is further stated that: "Under the Constitution of 1824, all race distinctions are abolished, and these diverse ethnic elements are nominally free and equal." This court knows judicially that the inhabitants and citizens of the United States consist of white persons, Negroes, Indians, Japanese, and Chinese, and a few persons from other races. It is no more logical or consistent to say that all Mexicans are white persons than to say that all inhabitants and residents within the United States are white persons. We cannot adopt the contention of the appellant that the word "Mexican" should necessarily be construed to be a white person from that country.

Under our decisions, there are strong presumptions in favor of the marriage status. See *Teter* v. *Teter* (1885), 101 Ind. 129; *Haddon* v. *Crawford* (1912), 49 Ind. App. 551, 97 N. E. 811; *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 62 N. E. 78; *Eddington* v. *Eddington* (1938), 213 Ind. 347, 12 N. E. (2d) 758; *Boulden* v. *McIntire* (1889), 119 Ind. 574, 21 N. E. 445; *Ross* v. *Red Cab Co.* (1938), 105 Ind. App. 440, 446, 14 N. E. (2d) 333. The case of *Ross* v. *Red Cab Co., supra,* quoted with approval from *Boulden* v. *McIntire, supra,* the following: " 'As we have seen from the authorities cited, the law required the party who asserts the illegality of the marriage to take the burden of that issue and prove it, though it may involve the proving of a negative.' "

The appellant also contends that the rule of *falsus in uno, falsus in omnibus* should be applied in this case, basing its contention upon the evidence of the appellee that she had made a false statement in her application to obtain relief from the town-

ship trustee, saying in said application that she was not married and that she had no means of support. Even if this rule were applied in this case, and the evidence of the appellee rejected, there would still be an abundance of competent evidence from other witnesses to support the conclusion reached by the Industrial Board that the appellee was the common-law widow of the deceased employee and that she was entitled to compensation.

Finding no reversible error, the award is affirmed.

NOTE.—Reported in 39 N. E. (2d) 800.