| 24 | 389 |
| 165 | 372 |
| 165 | 374 |
| 165 | 375 |

## CUPPY *v.* THE STATE, on the relation of GRANTHAM.

BASTARDY.—A married woman may, under the R. S. 1852, prosecute an action for bastardy.

SAME.—WITNESS.—The testimony of a married woman is admissible in the action, to prove non-access by the husband, and that the child, though begotten and born during the marriage, is a bastard.

APPEAL from the *Sullivan* Circuit Court.

RAY, J.—Prosecution for bastardy. The relatrix was a married woman, residing with her husband. She was permitted, over the objection of the defendant, to prove

non-access by the husband; that he had been in the army for more than a year preceding the birth of the child. Our statutes, prior to 1843, provided that such proceedings might be instituted by any "unmarried woman." Under such a statute, it was held that a prosecution could not be sustained on the relation of a married woman. *Smith* v. *The State*, 4 Blackf. 188. The statute was changed in 1843, so as to read, "when any woman," &c., and the same language is used in the present act. Whatever opinion may be entertained by this court upon the policy of the change, we cannot, by judicial construction, avoid it. The legislature has clearly the power to authorize the proceedings upon the relation of "any woman," and, having done so, we have only to sustain its action, and enforce the law as it now exists. At common law, a married woman was not a competent witness to prove non-access by the husband, but our statute has declared "that the mother of the child, if of sound mind, shall be a competent witness." 2 G. & H., § 3, p. 625. A witness declared competent by statute is to be regarded as any other witness, and restrictions imposed by the common law cannot be applied as restricting her testimony, in the face of the express letter of the statute.

There was no error in overruling the objection of the defendant to the admission of the evidence of the relatrix.

The defendant requested the court to give the following instruction:

"It is against the policy of the law, and in contravention of the marital relations, to permit either the husband, or the wife, to testify that a child begotten and born during the existence of the marriage, and whilst they were living together, is a bastard."

The court could not declare the policy of the law to be in conflict with its express declaration, and, therefore, properly refused the instruction asked.

The judgment is affirmed, with costs.

*J. M. Hanna*, for appellant.