Doyle *v.* The State, *ex rel.* Shetterly.

———◆———

DOYLE *v.* THE STATE, EX REL. SHETTERLY.

BASTARDY.—A child begotten before, but born after, the marriage of its parents is not a bastard.

SAME.—*Complaint.*—*Jurisdiction of Justice of the Peace.*—*Divorce.*—*Fraud.*—A complaint before a justice of the peace, by a wife against her husband, alleged, that, prior to the marriage of the parties, the plaintiff was pregnant with a child begotten by the defendant, and that the latter, to avoid a prosecution for bastardy, and to procure the dismissal of a certain action by the plaintiff against another, had fraudulently procured the plaintiff to marry him, and then deserted her.

*Held*, on demurrer, that the complaint is insufficient as a complaint for bastardy.

*Held,* also, that, though the complaint may contain a good cause of action for divorce and alimony, yet, as neither the justice, nor the circuit court on appeal, has jurisdiction of an action for divorce, the complaint is wholly insufficient for any purpose.

From the Madison Circuit Court.

*C. D. Thompson,* for appellant.

*D. Moss* and *T. J. Losey,* for appellee.

NIBLACK, C. J.—This was a prosecution for bastardy, commenced before a justice of the peace, on the relation of Mary E. Shetterly, against James B. Doyle.

The justice sustained a demurrer to the complaint, and dismissed the action.

The State appealed to the circuit court, where the demurrer was overruled, and where, upon a trial, the defendant was found guilty and adjudged to pay the relatrix the sum of one thousand dollars, in annual instalments of one hundred dollars each.

The complaint stated, in substance, that, on the 7th day of May, 1877, the relatrix was delivered of a bastard child, which was still living, and that Doyle, the defendant, was the father of said child; that, after she became pregnant with said bastard child, and but a short time before it was born, the defendant, colluding and conniving with one Abraham Doyle, his father, for the false and fraudulent purpose of procuring the dismissal of a certain suit for slander, then pending in the Madison Circuit Court, wherein the relatrix was plaintiff, and the said Abraham Doyle was defendant, and thereby shielding and protecting the said Abraham Doyle from the consequences of said slander suit, and for the purpose of cheating and defrauding the relatrix out of the damages which she was rightfully entitled to recover in said action, and for the further false and fraudulent purpose of avoiding a prosecution for bastardy, and of cheating and defrauding the relatrix out of a reasonable provision for her said bastard child, with which she was then so pregnant, falsely, fraudulently and deceitfully pretended that he

had a great affection for her, and that he would marry her in good faith and faithfully take care of and provide for her and her said child; that she, the relatrix, confiding in the defendant and relying on his said representations, was thereby induced to marry him, and did marry him in good faith, on the 7th day of March, 1877; that the same night, and within a few hours after said marriage, and without any fault on her part, the defendant deserted and abandoned her, said relatrix, and, though residing in the same immediate neighborhood, has not since visited or spoken to her, or made any provision whatever for her support or that of her said child, either during her sickness and confinement or at any other time, or in any way manifested any affection or sympathy either for her or her said child; that the defendant did not marry said relatrix in good faith, but for the false and fraudulent purposes above stated, never intending to live with her or carry out his marriage vows in any manner whatsoever. Wherefore it was alleged, that said marriage, being procured wholly by the fraud of the defendant, was null and void, and of no force or effect whatsoever. The complaint was supported by the oath of the relatrix.

Blackstone, in his Commentaries, Vol. 1, p. 454, says: "A bastard, by our English laws, is one that is not only begotten, but born, out of lawful matrimony."

Chancellor KENT, while alluding to the legal *status* and general situation of illegitimate children in this country, gives, in equivalent words, the same definition of a bastard, and says: "The rule at common law (and which subsisted from the time of the Year Books down to the early part of the last century) declared the issue of every married woman to be legitimate, except in the two special cases of the impotency of the husband, and his absence from the realm." Vol. 2, pp. 208, 210.

Bouvier, in his Institutes of American Law, Vol. 4, p. 132, says: "A man is a bastard if born—1st. Before the

lawful marriage of his parents, but although he may have been begotten while his parents were unmarried, yet, if afterward they married together, and he is born during the coverture, or after it shall have been determined, he is legitimate."

We accept these definitions as authoritative in their application to the case before us.

Conceding the defendant to have been guilty of the fraudulent misconduct with which he was charged, in inducing the relatrix to enter into the marriage relation with him, still such misconduct did not render the marriage between him and the relatrix void, without any legal proceedings to dissolve it. It is only certain prohibited marriages, on account of cousanguinity, affinity, difference of color, or of a previous existing marriage, that are void without such proceedings. 2 R. S. 1876; p. 324, sec. 1.

Such fraudulent misconduct might, on a proper issue, be considered in connection with other facts, as tending to make out a good case for a dissolution of such marriage, and for alimony, but did not afford any sufficient cause for allowing such marriage to be attacked collaterally.

From the facts as alleged, it was made to appear, that the relatrix and the defendant were lawfully married before, and were husband and wife at the time of, the birth of the relatrix's child.

Under these circumstances, we are constrained to hold, that such child was not a bastard, but the legitimate offspring of both the relatrix and the defendant, at the time of and since its birth. The complaint, therefore, considered as a complaint in bastardy, was obviously bad.

Considered as a complaint to annul the marriage, it presented a case over which the justice had no jurisdiction, and, the justice having no jurisdiction, the circuit court acquired none by the appeal from him. *Jolly* v. *Ghering*, 40 Ind. 139.

Regarding the complaint in whatever light we may, it was clearly bad on demurrer, and ought to have been so held by the circuit court. *Glenn* v. *The State, ex rel., etc.*, 46 Ind. 368; *Cuppy* v. *The State, ex rel., etc.*, 24 Ind. 389; *Bailey* v. *Boyd*, 59 Ind. 292.

The judgment is therefore reversed, and the cause remanded, with instructions to the court below, to sustain the demurrer to the complaint.