No. 6727.

## MORAN v. THE STATE, EX REL. WALKER.

BASTARDY.—*Marriage.*—A child begotten before, but born after, the marriage of its parents, is not a bastard.

SAME.—*Answer.*—*Demurrer.*—In a prosecution for bastardy, where the child has not been born, an answer setting up the marriage of the defendant with the relatrix is sufficient on demurrer.

From the Perry Circuit Court.

*C. H. Mason*, for appellant.

*D. P. Baldwin*, Attorney General, and *G. L. Reinhard*, Prosecuting Attorney, for the State.

NIBLACK, C. J.—The State, on the relation of Emily Walker, made complaint before a justice of the peace against Samuel Moran for bastardy, alleging that the said Emily was pregnant with a child which, if born alive, would be a bastard, and that the said Moran was the father of said child. The justice, upon a hearing, recognized Moran to appear in the circuit court and answer to the charge thus preferred against him. Afterward the said Emily filed in the circuit court a paper, signed by her, stating that since the commencement of the action she had intermarried with the defendant, and that she thereby dismissed all further proceedings against him.

At the next term of court, the attorneys for the relatrix, for some reason not disclosed by the record, resisted a dismissal of the action, and the court refused to dismiss it.

The defendant then answered in two paragraphs :

1. In general denial.

2. That the defendant was the lawful husband of the relatrix, and that, in consequence, she was not entitled to prosecute the action against him.

A demurrer was sustained to the second paragraph of the answer, and, upon a trial of the cause, the defendant was adjudged to be the father of the child, of which the relatrix was then still pregnant, and ordered to pay the costs of the

prosecution, and to stand committed to the jail of the county until the costs were paid or replevied.

In the case of *Doyle* v. *The State*, 61 Ind. 324, it was, upon full consideration, held that a child begotten before, but born after, the marriage of its parents, is not a bastard. To a charge of bastardy, therefore, where the child has not been born, it is a sufficient answer to set up the marriage of the defendant with the relatrix.

The second paragraph of the answer might have been much improved by a motion to have it made more certain and specific, but it was substantially sufficient, and the court erred in sustaining a demurrer to it.

The judgment is reversed, at the costs of the relatrix, and the cause remanded for further proceedings.