Brock *v.* The State, *ex rel.* Johnson.

No. 9805.

BROCK *v.* THE STATE, EX REL. JOHNSON.

85 397
147 539
85 397
156 199

BILL OF EXCEPTIONS.—*Evidence.*—No precise form of words is required to show that a bill of exceptions contains all the evidence.

BASTARDY.—*Marriage of Parents.*—The marriage of the parents of an illegitimate child, and the father's acknowledgment of its parentage, have the effect by statute, R. S. 1881, sections 2475, 2476, to make the child legitimate; and a prosecution for bastardy can not be afterwards instituted and maintained, though the marriage was entered into by the father in bad faith, merely to escape a pending prosecution for bastardy, and then to abandon the mother.

From the Floyd Circuit Court.

*J. V. Kelso,* for appellant.

*E. G. Henry,* for appellee.

ELLIOTT, J.—The appellee insists that the bill of exceptions does not show that it contains all the evidence, and that consequently no questions are presented by this appeal. The bill does not, it is true, contain the usual formula, but it does contain a statement clearly and unequivocally showing that all the evidence is incorporated. Where the bill of exceptions fully shows that all the evidence given upon the trial is set forth, the precise form of words used in showing that fact is not of controlling importance.

On the 24th of September, 1877, the relatrix, Fanny Johnson, then Fanny Dunn, instituted proceedings against appellant, under the statute regulating proceedings in cases of bastardy; the justice before whom they were instituted made the proper order transferring the case to the circuit court; before trial in that court the relatrix and the appellant were married and the prosecution against the latter was dismissed. There is evidence tending to show that the appellant married the relatrix for the purpose of escaping from the prosecution against him, and that at the time he married her he intended to abandon her and the child. Some time after the marriage she applied for and obtained a decree of divorce.

The question for decision is, whether the relatrix can maintain proceedings under the statute to compel appellant to furnish means of support for the child born out of wedlock. If the marriage legitimized the child, then it is quite clear that the prosecution can not be maintained. If the child was once made legitimate, no subsequent act could take from it this character, and give it that of illegitimacy. The case, therefore, turns upon the answer to the question, did the marriage subsequent to the birth of the child legitimize it?

One among the old doctrines of the common law is the rule that children born during wedlock are legitimate, although begotten before marriage. Our cases, acting upon this rule, have declared that marriage bars a prosecution for bastardy in such cases. *Moran* v. *State, ex rel.,* 73 Ind. 208 ; *Doyle* v. *State, ex rel.,* 61 Ind. 324. But the rule is not decisive of this case, for the child of these parties was born before marriage.

The civil law declares that marriage legitimizes children born before marriage. The common law is different; a subsequent marriage does not legitimize such children. The bishops of England pressed upon the House of Lords the adoption of the rule of the civil law, but, as the old record runs : "And all the Earls and Barons with one voice answered that they would not change the law of the realm, which hitherto had been used and approved." The old chronicler, in speaking of this decision, says : "And the which noble, courageous and heroic answer, all the lawyers do mightily approve." As the common law prevails in our State, we must follow it unless we find it in conflict with some statute of our own.

Our statute adopts the rule of the Roman law, sections 2475 and 2476, R. S. 1881. Mr. Schouler says : " This doctrine of the civil law has found great favor in the United States. It has prevailed for many years in the States of Vermont, Maryland, Virginia, Georgia, Alabama, Mississippi, Louisiana, Kentucky, Missouri, Indiana, and Ohio." Schouler Domestic Rel. 309.

It is clear that the acknowledgment by the father made the child his heir apparent, and removed from it the stain of illegitimacy. It is not important whether the acknowledgment of legitimacy was made for a good or for an evil purpose; it fixed the *status* of the child, and that can not be changed by anything the father or mother may do. Having removed the " bar sinister," they can not replace it.

The question here is, not whether the relatrix may have some cause of action against the appellant, but whether she can maintain a prosecution under the statute for the maintenance of a bastard child. As the child can not be considered a bastard, it is very clear that the prosecution must fail.

Judgment reversed.