## WOODRING ET AL. *v.* McCASLIN ET AL.

[No. 22,275. Filed April 1, 1914. Rehearing denied June 30, 1914.]

1. DRAINS.—*Proceedings to Establish.—Jurisdiction.*—Under the provisions of §§6141, 6142, 6174 Burns 1914, Acts 1907 p. 508, §§2, 3, 19, the circuit court has jurisdiction of a proceeding for the construction of a new drain on the line of a drain previously constructed by the board of county commissioners, and such drain may be so established if benefits will accrue therefrom, but the proceeding must be instituted under §6141, *supra;* and if the petition seeks the improvement or extension of an existing public drain, it must be addressed to the circuit or superior court, or the board of commissioners, as the case may be, of the county in which the proceedings were had for the construction of the original drain, under the provisions of §6174, *supra;* while the provision of §6142, *supra,* for the tiling of an already existing public drain and constructing a new drain as a part of such work is merely the statement of one of the several methods of drainage that may be adopted, and does not refer to any right belonging to the petitioner. pp. 138, 139.

2. STATUTES.—*Construction.—Consideration of Statute as a Whole.*—In construing a statute all parts of the act relating to the same subject-matter are to be considered together, and, if pos-

sible, such construction must be given to the several sections as will impart force and meaning to each.  p. 139.

3.  STATUTES.—*Construction.—Legislative Intent.*—The legislative intent when ascertained will control the strict letter of the statute or the literal import of particular terms or phrases, where to adhere to the strict letter or literal import of terms would lead to injustice or absurdity or would contradict such intention. p. 139.

4.  STATUTES.—*Construction.—Conflicting Sections.*—Where there is irreconcilable conflict between different sections or provisions of the same act, the later in position must prevail.  p. 139.

5.  DRAINS.—*Proceedings to Establish.—Jurisdiction.*—On a finding of facts in a drainage proceeding under the act of 1907 (§6141 *et seq.* Burns 1914, Acts 1907 p. 508), that the effect of the proceedings would be to change the line of a drain previously established and constructed, and to deepen same and tile parts thereof, and to furnish more effective drainage to parts of the land originally affected, exclusive jurisdiction was in the court establishing the original drain, under §6174 Burns 1914, Acts 1907 p. 508, §19, notwithstanding the petition purported to be for the construction of a new drain.  p. 140.

From Madison Circuit Court; *Charles K. Bagot,* Judge.

Drainage proceeding on the petition of Pearl McCaslin and others.  From a judgment locating and establishing the drain, Andrew Woodring and others appeal.  *Reversed.*

*Orr & Orr,* for appellants.
*Kittinger & Diven,* for appellees.

SPENCER, J.—This action has its origin in a petition filed by appellee McCaslin in the Superior Court of Madison County, asking for the location and construction of a public ditch or drain in Madison County.  Appellants filed separate and several pleas to the jurisdiction of the court over the subject-matter of the proceedings, to which pleas appellees filed demurrers.  These demurrers were overruled and, on motion by appellees, the cause was venued to the Madison Circuit Court where such proceedings were had as resulted in a judgment locating and establishing said drain.  This appeal follows.

The sole question presented for our consideration requires

a construction of §§6141, 6142, 6174 Burns 1914, §§2, 3, 19 of the drainage act of 1907 (Acts 1907 p. 508).

Section 6141, *supra,* provides that jurisdiction for the location and construction of a new drain is in the circuit or superior court of the county in which the lands of the petitioners are located, and where the drain extends into two or more counties, in the circuit or superior court of the county having the greatest length of the proposed drain. Section 6142, *supra,* provides that if the drainage commissioners determine that the proposed improvement is practicable and of public utility and that the cost thereof will be less than the benefits to be derived "they shall proceed and definitely determine the best and cheapest method of drainage, the termini and route, location and character of the proposed work. * * * They may determine that the method of drainage shall be by removing obstructions from a natural or artificial watercourse; or diverting such watercourse from its channel, by deepening, widening or changing the channel of such watercourse; by constructing an artificial channel, with or without arms or branches; *by providing that said work may be the tiling of an already existing public open drain or tiling an already existing public open drain and constructing as a part of said work a new drain;* by providing that such drain shall be open or tiled and covered, or partly opened and partly tiled and dug by shovel, dredge or otherwise; by constructing levees or dykes; or by any or all of such methods combined." (Our italics.) Section 6174, *supra,* provides that "should the owner of any land, or any corporation, affected by the construction, change, improvement or extension of any work of drainage under this or any former law of this state, be of the opinion that such work, or any part of it, may be more economically kept in repair, or may be made more efficient for its purpose, by tiling and covering; by removing tile and making the drain open; by changing the line of the drain or extending its length; or by making any other change in the work

as originally constructed, such landowner or corporation may apply for such change, improvement or extension by filing a petition therefor with the circuit or superior court, or with the board of commissioners, as the case may be, of the county in which the proceedings were had for the construction of such work.''

. Appellees' petition, on its face, purported to be for the . construction of a new tile drain over a certain described course, most of which was located in Madison county. Appellants, however, took the position that the real purpose of the petition was to secure the improvement, by tiling, of part of an existing open drain which had been constructed under the direction of the Delaware Circuit Court and contended that the improvement of such open drain was exclusively within the jurisdiction of said court. This issue was properly raised by the pleas to the jurisdiction of the Madison county courts (*Kemp* v. *Adams* [1905], 164 Ind. 258, 261), and was thus stated by the Madison Circuit Court in its special finding of facts: ''The question to be determined on the trial of the pleas herein is whether or not a person having the right to proceed under Section Nineteen (Sec. 6174 Burns 1908), may ignore said Section and proceed under Section Two (Sec. 6141 Burns 1908) to accomplish the same object and remedy provided for by said Section Nineteen in a court different from the court in which the original proceedings were had. In other words, whether or not a person desiring to deepen, widen, straighten, tile, or change a drain already established, has the option to proceed to petition therefor as an independent drain under Section Two in the Court of the County in which the proposed drainage is located; or proceed by petition to tile under Section Nineteen in the Court establishing the original drain; or whether he is obliged to proceed under Section Nineteen, to the exclusion of Section Two.''

The court concluded that a petitioner has the option above suggested and stated in its conclusions of law ''that

the election of the petitioners to proceed under Section Two (2) to establish an independent drain and file a petition therefor in the county in which the said proposed drain is located, gave the court jurisdiction to determine said proceedings under said Section Two (2), without regard to the fact that the petitioners would also have the right to proceed under Section Nineteen (19), and notwithstanding the further fact that had they proceeded under said Section Nineteen (19), the court in which the proceedings were instituted would not have had jurisdiction, and was not the court in which said original drain was established.''

In the recent case of *Hauschild* v. *Roth* (1914), 181 Ind. 183, it was contended that a circuit court had no jurisdiction to construct a new drain on the line

1. of an old tile drain, previously constructed by the board of county commissioners. This court held that the circuit court had jurisdiction and pointed out that a distinction is to be drawn between proceedings to establish a new drain along the line of an old one, and proceedings to tile, enlarge or otherwise improve an existing drain. In the former case, it is well settled that if benefits will accrue, a new drain may be established over the line of an existing one and assessments made therefor. *Hauschild* v. *Roth, supra; Sharp* v. *Eaton* (1911), 175 Ind. 441, 447, and cases cited. But where the petition seeks the improvement or extension of an existing public ditch, it must be addressed to the circuit or superior court, or the board of commissioners, as the case may be, of the county in which the proceedings were had for the construction of the original drain. *Shields* v. *Pyles* (1913), 180 Ind. 71; *Stockton* v. *Pancoast* (1912), 178 Ind. 203; *O'Toole* v. *Tudor* (1911), 175 Ind. 227. To give the act in question that construction which appellees seek, would tend to nullify §19. It was the obvious purpose of the legislature, in enacting that section, to make certain that jurisdiction over the change, extension or improvement of an existing drain should remain in the tri-

bunal which established said drain. It is elemental that all the parts of an act relating to the same subject-matter should be considered together, and not each by itself, and, if possible, such construction must be given to the several sections as will impart force and meaning to each. As is said in Endlich, Interp. of Stat. §40: "Possibly the most important purpose of the construction of all the parts of a statute together and with reference to one another, is that of giving, by means of such comparison, a sensible and intelligent effect to each, without permitting any one to nullify any other, and to harmonize every detailed provision of the statute with the general purpose or particular design which the whole is intended to subserve." When the legislative intent has been ascertained, that intention will control the strict letter of the statute or the literal import of particular terms or phrases, where to adhere to the strict letter or literal import of terms would lead to injustice or absurdity or would contradict such intention. *United States Sav., etc., Co.* v. *Harris* (1895), 142 Ind. 226; *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544; *Stout* v. *Board, etc.* (1886), 107 Ind. 343.

Another rule of statutory construction which is applicable here is thus quoted with approval from 1 Lewis' Sutherland, Stat. Constr. (2d ed.) §514, in the case of *State, ex rel.* v. *Board, etc.* (1908) 170 Ind. 595, 600: "The different sections or provisions of the same statute or code should be so construed as to harmonize and give effect to each, but, if there is an irreconcilable conflict, the later in position prevails". See, also, Black, Interp. of Laws 168; *Quick* v. *White-Water Tp.* (1856), 7 Ind. 570, 578.

Tested by these rules it is clear that the act here under consideration can not be given the construction for which appellees contend. Whenever the real purpose of a drainage petition is to secure the improvement, extension or other change in an existing drain, said petition must be addressed to the tribunal which constructed

the same. Where, however, it is the purpose of the petitioners to construct a new drain the proceeding is to be instituted under §6141, *supra,* even though the new drain follows, in whole or in part, an existing drain but is independent thereof. That part of §6142, *supra,* which we have set out in italics, indicates one of the methods which may be adopted by the drainage commissioners in determining the best method of drainage and does not refer to any right belonging to the petitioner.

In the case before us the trial court found specifically "that in truth and in fact the effect of these proceedings will be, if sustained and the work completed as prayed and petitioned and shown in the report, to change in the particulars found and heretofore stated, the line of the drain heretofore established and constructed, and also to deepen the same and to tile parts thereof, and to furnish more effective drainage to parts of the land originally affected, all of which could have been done and accomplished under the provisions of Section Nineteen." Under the conditions thus stated the Delaware Circuit Court alone had jurisdiction over this proceeding.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in accordance with this opinion, and to enter judgment in favor of appellants.

NOTE.—Reported in 104 N. E. 759. See, also, under (1, 5) 14 Cyc. 1915 Ann. 1029-New; (2) 36 Cyc. 1128; (3) 36 Cyc. 1108; (4) 36 Cyc. 1130.