## TIEBEN ET AL. *v.* HAPNER.

[No. 8,967. Filed February 24, 1916. Rehearing denied June 30, 1916.]

1. BASTARDS.—*Acknowledgment.*—*Inheritance.*—*Legislative Power.*—*Statute.*—Section 3000 Burns 1914, §2476 R. S. 1881, providing that where a man shall marry the mother of an illegitimate child, and acknowledge it as his own, such child shall be deemed legitimate, is a proper exercise of the unlimited power of the legislature to prescribe the canons of inheritance, and such statute is effective in declaring that an illegitimate child coming within its provisions shall have the inheritable capacity of a legitimate child. p. 653.

2. BASTARDS.—*Inheritance.*—*Statute.*—Where plaintiff's mother instituted paternity proceedings before a justice of the peace and obtained a judgment that the defendant therein was plaintiff's father, and the mother subsequently married another who took plaintiff into his family, acknowledging her as his own child, she was thereby legitimatized and had the same inheritable capacity as the legitimate children of such marriage, since the judgment rendered by the justice of the peace cannot be held to contravene the canons of inheritance as expressed in §3001 Burns 1914, §2476 R. S. 1881, which provides that where a man shall marry the mother of an illegitimate child, and acknowledge it as his own, such child shall be deemed to be legitimate. p. 654.

3. PARTITION.—*Sale of Lands.*—*Distribution.*—In an action for partition of lands descending to the parties as heirs of their deceased father, the plaintiff instituted suit against her two brothers, who had received advancements of $5,000 each from the father and who had also inherited the interest in the lands of a deceased sister of the parties, the trial court found, when ordering a sale of the lands, that the plaintiff was entitled to one-fourth of the

value of the land, which she was entitled to have enhanced by her proportionate share of the $5,000 advancements made to the brothers, and that the defendants were each entitled to three-eighths of the value of the land after deducting their advancements from the one-fourth interest inherited by each of them from their father, which finding was proper and not objectionable as augmenting the plaintiff's share by the interest of the deceased sister in the advancements made by the father to the defendants. p. 655.

4. PARTITION.—*Attorneys' Fees.—Payment of.*—Where the defendants in an action for partition in good faith, though unsuccessfully, resist the claim of the plaintiff to the land involved in the litigation, they should not be required to pay any part of the plaintiff's attorneys' fees. p. 656.

From Wells Circuit Court; *William H. Eichhorn*, Judge.

Action by Annie Hapner against John G. Tieben and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Simmons & Dailey* and *J. F. Denney*, for appellants.

*John H. LaFollette*, *Emerson · McGriff* and *J. H. Sell*, for appellee.

SHEA, J.—This was an action in the court below by appellee against appellants praying for the partition of certain real estate which, it is claimed, descended from George Tieben, Sr., to appellants and appellee as his lawful heirs. The complaint was in three paragraphs. To these paragraphs of complaint answers were duly filed. Demurrers were sustained by the court to the answer to the complaint. Appellants refused to plead further, and the cause was submitted upon certain partial answers upon the question of advancements, rents, and profits. The errors assigned are: (1) The sustaining of appellee's demurrer to the first paragraph of appellants' answer addressed to the second, third, and fourth paragraphs of complaint. (2) The overruling of appellants' motion for a new trial.

In view of the conclusion we have reached, we need not consider in detail errors argued with respect to the ruling of the court upon the demurrers to the answer filed by appellants. The complaint alleges, in substance, that George Tieben, Sr., and one Annie A. Osterman were married January 21, 1863; that appellee herein was the illegitimate daughter of Annie A. Osterman, born on the —— day of May, 1862, before her marriage to the said George Tieben, Sr.; that appellee, then an infant about nine months old, was taken into the family of said George Tieben, Sr., and took the name of Tieben, and was from that time until her marriage, which occurred November 3, 1895, known and recognized as Anna Tieben, and was so called by George Tieben, Sr., and her mother; that she was taught to believe that said George Tieben, Sr., was her father; that said Tieben treated her at all times as his own child, and as he did his other children, and she was acknowledged by said George Tieben, Sr., as his child, so treated by him, and by him so held out to the public from the time of his marriage to the time of his death; that the mother of appellee died August 24, 1895, leaving as her sole and only children, appellee, appellants herein, and Ellen Tieben; that George Tieben, Sr., did not remarry after the death of his wife; that he left as his sole and only children born in wedlock appellants and Ellen Tieben, together with this appellee; that said George Tieben, Sr., died intestate October 21, 1904; that at the date of his death he was the owner in fee simple of the land described in the complaint, consisting of 62.29 acres. In her complaint appellee claims to be the owner of an undivided one-third interest in the value of said land, which was found to be worth $4,650; that it was claimed that advancements had been

made to appellants George Tieben and John G. Tieben in the sum of $5,000 each.

It is alleged in each paragraph of the answer that in February, 1862, Annie A. Osterman, the mother of appellee, instituted paternity proceedings against one Gerhard Kamp before a justice of the peace of Allen County, Indiana, in which proceedings said justice adjudged said Gerhard Kamp to be the father of such child. It is very strenuously argued that this judgment of the justice of the peace fixed the status of appellee in such manner that she could not thereafter become a legitimate heir of George Tieben, Sr.

Section 3001 Burns 1914, §2476 R. S. 1881, reads as follows: "If a man shall marry the mother of an illegitimate child, and acknowledge

1. it as his own, such child shall be deemed to be legitimate." This statute fixed appellee's status if the evidence brought her within its provisions, regardless of the finding of the justice. This act substantially in its present form was first enacted January 2, 1817. (§9 St. 1824, C. 31.) It has been carried into each revision of the statute since that time. The statute is plain and unequivocal, and does not admit of construction. It may be laid down as a proposition which is beyond dispute that the legislature acted within its legitimate scope and power in enacting such statute. The power to prescribe canons of inheritance which shall absolutely determine the course of descent of all lands within this state is in the legislature. There is no limit upon its authority in such matters. The statute is effective in declaring that an illegitimate child thus acknowledged shall have the inheritable capacity of a legitimate child. *Harvey* v. *Ball* (1869), 32 Ind. 98; *Binns* v. *Dazey* (1896), 147 Ind. 536, 44 N. E. 644; *Haddon* v. *Crawford*

(1911), 49 Ind. App. 551, 97 N. E. 811; *Harness* v. *Harness* (1911), 50 Ind. App. 364, 98 N. E. 357.

The essential facts alleged in the complaint are without dispute. The court found that appellee was entitled to the one-fourth part of the real estate; that appellants were each entitled to a three-eighths part, subject to an advancement of $5,000 each, chargeable against the one-fourth interest which they inherited from George Tieben, their father. The court finds that appellee was entitled to no part of the share of Ella Tieben, deceased, whose death occurred subsequent to that of her father, George Tieben, Sr.

If the legislature had intended that the child should become legitimate only in case of marriage by the father and mother, and subsequent acknowledgment, the language of the act would have so provided. Many of the states which have a similar statute do so provide. In such statutes the language is that "if the father shall marry the mother of the illegitimate child," etc. So that we hold that the finding of the justice of the peace in this case can not contravene the legislative intent as unequivocally expressed. Upon this statement of the record no error was committed by the trial court in overruling the demurrers to the answers or in ordering a partition of the real estate upon the basis as above stated, of which appellants can complain.

It is next argued that the judgment of the court ordering the partition of the land would give to appellee, taking into account the advancements, a greater share than her one-fourth interest therein; in other words, it is argued that by the finding of the court the share given to appellee is augmented by the interest of the deceased Ella Tieben in the $5,000 advancements charged against appellants.

The language of the judgment is, in substance, as follows: It is decreed by the court that appellee is the owner in fee simple of the undivided one-fourth part in value of the real estate described, which she is entitled to have enhanced by her proportionate share of $5,000 advanced to each of the appellants; that appellants are each the owner of the undivided three-eighths part in value of said lands after deducting from the one-fourth interests inherited by each of them from their father their said advancements. It is ordered that the land be sold at commissioner's sale; that in making the disposition of the proceeds thereof the said advancements shall be taken into account and charged against said appellants as above stated. A commissioner was appointed to make the sale and distributed the proceeds thereof in accordance with the finding and judgment.

In order that there may be no misunderstanding as to this court's understanding of the decree, we shall state that, in the distribution of the proceeds of the sale, if it shall eventuate that the real estate shall not sell for $10,000 or more, which, when augmented by the $10,000 advanced appellants, would be an amount sufficient to make the one-fourth share of this appellee equal to the advancements charged against appellants, then the amount to be distributed from the proceeds of said sale shall be divided into two equal parts, one of which shall go to this appellee. The other shall be the interest which would have gone to the dead sister, inherited in this case by appellants. As we see it, this is in effect carrying out the court's intention in the order made. The judgment is not susceptible to the construction sought to be placed upon 3. it by appellant's learned counsel. The interest of appellee in the real estate is clearly stated, and a proper calculation can be made there-

from in accord with the judgment. Query: Whether appellee is not entitled to inherit from her deceased half-sister. §2996 Burns 1914, §2472 R. S. 1881. The question, however, is not presented, and we therefore do not decide it. *Miller* v. *Miller* (1883), 91 N. Y. 315, 43 Am. Rep. 669.

We find no error in the record which would warrant a reversal of this cause. Judgment affirmed.

Moran, J., not participating.

### On Petition for Rehearing.

McNutt, J.—A very able brief has been filed by appellants on their petition for a rehearing of this cause, and the court has given very careful consideration to the only question raised thereby, viz., the construction that should be put upon §3001 Burns 1914, *supra*, and after such consideration, we are of opinion that this court is bound by the construction placed upon said section by the case of *Binns* v. *Dazey*, *supra*, and that such construction is correct.

But upon a re-examination of the record in this cause, we find that one matter raised by the assignment of error, and presented by appellants' brief, was not decided by the original opinion. It is contended by appellants that the trial court erred in finding and adjudging that, from the proceeds of the sale of the real estate, the costs of this action, including a reasonable fee for plaintiff's attorneys in this action, be first paid. It appears that appellants, the defendants in the court below, vigorously and in good faith resisted appellee's claim to any part of the real estate involved in the litigation. In such a case it has been decided by the Supreme Court, and

4. rightly, we think, that the defendants should not be required to pay any part of plaintiffs' attorneys' fees.

In the case of *Bell* v. *Shaffer* (1899), 154 Ind. 413, 424, 56 N. E. 217, 221, it is said: "No reason exists why a defendant in a partition suit, who appears by attorney, to contest the title of the plaintiff, should be compelled to contribute to the payment of the attorney's fees of his adversary, and we can not believe that the statute was intended to subject him to such liability." See, also, *St. Clair* v. *Marquell* (1903), 161 Ind. 56, 67, 67 N. E. 693; *Osborne* v. *Eslinger* (1900), 155 Ind. 351, 58 N. E. 439, 80 Am. St. 240. It follows that the portion of the judgment directing appellee's attorneys to be paid a reasonable fee out of the fund derived from the sale, as part of the costs of the action, was erroneous.

The cause is remanded, with instructions to modify the judgment by eliminating therefrom the following portion thereof: "And a reasonable fee for plaintiff's attorneys in this action". It is ordered that the costs of this appeal be paid by the parties to the appeal in the following proportions: Appellee one-third and appellants two-thirds.

The petition for rehearing is overruled.

NOTE.—Reported in 111 N. E. 644, 113 N. E. 310.