THOMAS ET AL. *v.* CENTRAL ENGINEERING CONSTRUCTION COMPANY

[No. 17,401. Filed November 5, 1945. Rehearing Denied. December 10, 1945. Transfer Denied January 24, 1946.]

*Henry J. Richardson, Jr.* and *Rufus C. Kuykendall*, of Indianapolis, for appellants.

*Slaymaker, Merrill, Locke & Reynolds*, and *L. A. Shaw*, all of Indianapolis, for appellee.

FLANAGAN, J.—This is an appeal from an award of the Full Industrial Board denying compensation to appellants. The sole question presented is the correctness of the finding of the board that appellants were not dependent upon James Thomas, deceased, whose death admittedly resulted from an accident arising out of and in the course of his employment with appellee.

On this question the evidence is undisputed and may be summarized as follows:

In 1929 Carl Williams, husband of appellant Ida Williams Thomas, deserted her and their 11 children and has never returned or contributed to their support since. In 1932 the decedent James Thomas, an unmarried man, moved in with said appellant and undertook to support her and her children and from that time to the day of his death they lived together as husband and wife. In 1933 or 1934 he obtained another house and moved the family into it. All the children have grown up and left home except appellant Paul Nathaniel Williams, a minor. During this period of time the decedent introduced Ida Williams as his wife and she was so known in the community where they lived. The entire family was supported by decedent. He brought his check home each week and usually Ida Williams endorsed it and sent one of her children to the grocery to get it cashed. Except for four months in 1943, when decedent's brother stayed with them and paid seven dollars per week for board and room, the only other source of income for the family was four dollars per week earned by appellant Ida Williams Thomas by working two days per week.

Clearly appellants were in fact dependent upon the decedent James Thomas. It is evident that an award was denied because of the fact that decedent and appellant Ida Williams Thomas were living in adultery.

Our Supreme Court has held that the fact that a woman shares an adulterous relationship with a man does not preclude her from receiving compensation as his dependent under the Workmen's Compensation Act. *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N. E. (2d) 219. Regardless of our opinion as to the correctness of that decision we are bound by

it. This cause is therefore remanded with instructions to enter an award in favor of appellants.

Bowen, J. and Royse, C. J., dissent with opinion.

NOTE.—Reported in 63 N. E. (2d) 295.

## DISSENTING OPINION

ROYSE, C. J. and BOWEN, J. (concurring in part, dissenting in part). We concur in the majority opinion insofar as it reverses the award of the Industrial Board denying compensation to the minor child, Paul Nathaniel Williams, but we cannot agree with the majority opinion in its decision in favor of appellant Ida Williams (Thomas), and we wish to dissent in part. We recognize that their opinion and decision in favor of appellant Ida Williams (Thomas) is based on a ruling precedent of the Supreme Court. We are of the opinion that the case of *Russell et al.* v. *Johnson et al.* (1943), 220 Ind. 649, 46 N. E. (2d) 219, relied on in the majority opinion, is erroneous. Feeling as we do, we regard it our duty under subdivision 1, § 4-215, Burns' 1933 to ask that this case be transferred to the Supreme Court.

The *Russell et al.* v. *Johnson* case, *et al. supra*, squarely holds that a woman who lives in adultery and is dependent on her paramour for support is not barred by the public policy of the State from the benefits of the Indiana Workmen's Compensation Act. We regard the reasoning of this case as pernicious. It seems significant that the Supreme Court in its opinion did not cite an authority from any jurisdiction to sustain its conclusion based upon the above circumstances.

It is well established that the public policy of this State is to be determined from a consideration of the Constitution, the statutes, the practice of officers in the course of administration, and the decisions of the courts

of last resort. *Hogston* v. *Bell* (1916), 185 Ind. 536, 112 N. E. 883.

Adultery has been defined as "sexual unfaithfulness of a married person." Webster's International Dictionary. Under our statutes adultery is a misdemeanor. § 10-4207, Burns' 1942 Replacement. A spouse who has left his or her mate and is living in adultery at the time of the innocent mate's death is barred from inheriting the latter's estate. §§ 6-2329, 6-2330, Burns' 1933. A husband is not criminally liable for deserting his wife when her adultery was the cause of the separation. § 10-1401, Burns' 1942 Replacement. Adultery is a ground for divorce. § 3-1201, Burns' 1933.

By these enactments the Legislature has attempted to protect and preserve the institution of the family from the effect of adultery. It seems to us this is a most important matter of public policy. It is to be noted that on the matter of inheritance between husband and wife the Legislature has placed the spouse who is guilty of adultery in the same class with the spouse who murders his or her mate. Yet, if the case of *Russell et al.* v. *Johnson et al., supra,* is followed, a woman who abandons her home and family to live in adultery in consideration of her paramour's support is entitled to the benefits of the Indiana Workmen's Compensation Act if he is killed in an accident arising out of and in the course of his employment. This appears to us to be a perversion of the manifest intent of the Workmen's Compensation Act—the protection of the family of the workman. Its effect is to put a premium on licentiousness. We feel that the decision in *Russell et al.* v. *Johnson et al., supra,* would place an adulteress in a more advantageous and favorable position under the law than the natural widow and child of a deceased, and that absurd and unjust

consequences would flow from an approval of the rule announced in the foregoing case.

In the *Russell et al.* v. *Johnson et al.* case, *supra,* the Supreme Court held the last paragraph of subdivision (e), § 40-1403, Burns' 1940 Replacement brought the adulteress within the provisions of the Workmen's Compensation Act. This provision is as follows:

"In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and (the) question of partial dependency shall be determined in like manner as of date of the injury . . . ."

For the reasons hereinbefore set out we feel the only logical legal conclusion and interpretation of the legislative intention in such provision is that it was intended to provide for cases where there was actual dependency, in fact, under conditions which were not inimical to the public welfare. As an example, we are of the opinion in the instant case that the child, Paul Nathaniel Williams, was in fact dependent on the deceased and entitled to the benefit of the Act, and that the decision of the Industrial Board should be reversed as to such child.

We do not desire to be understood as limiting the broad application of the above quoted provision of the statute to persons wholly unrelated who may be actually dependent on the deceased in any given case, but we cannot approve a rule that creates a dependency relationship which is brought about by doing violence to the public policy of the State.

We feel this case should be transferred to the Supreme Court in order that that court might reconsider the case of *Russell et al.* v. *Johnson et al., supra.*

NOTE.—Reported in 63 N. E. (2d) 295.