IN RE MARSHALL ET AL.

[No. 17,580.   Filed January 31, 1947.]

*James A. Emmert,* Attorney General, and *Cleon H. Foust,* First Deputy Attorney General, for the State.

*James V. Donadio, Amicus Curiae.*

*R. Stanley Lawton,* and *Ross, McCord, Ice & Miller,* all of Indianapolis, for appellee.

DRAPER, J.—Under § 61 of the Workmen's Compensation Act (§ 40-1512, Burns' 1940 Replacement), the Industrial Board certifies to this court the following facts and the following questions for our decision and determination:

"On January 30, 1946, Lucien Henry Marshall died under circumstances entitling his dependents to workmen's compensation at the rate of Twenty Dollars and Seven and one-half Cents ($20.07½)

per week. The following persons claim as dependents:

"(a) Anna Mae Marshall, who married the decedent in 1941 and lived and was supported by him continuously until the time of his death.

"(b) Lucien Henry Marshall, Jr., a child of the decedent and Anna Mae Marshall, born in 1937 and prior to their marriage. Decedent, at all times, acknowledged Lucien Henry Marshall, Jr. as his son both before and after his marriage to Anna Mae Marshall and was supporting this child at the time of his death.

"(c) Bobby Jean Osborne, known also as Bobby Jean Marshall, an illegitimate child of Anna Mae Marshall, born in February, 1935. The decedent was not the father of Bobby Jean Osborne and at no time acknowledged this child as his own either before or after his marriage to Anna Mae Marshall. At the time of his death, and at all times subsequent to his marriage to Anna Mae Marshall in 1941, Bobby Jean Osborne was living in decedent's home and was totally dependent upon him in fact. The decedent did not at any time adopt Bobby Jean Osborne as his child. Bobby Jean Osborne was not a legal heir of the decedent under the laws of descent of the State of Indiana.

"Lucien Henry Marshall, Jr., decedent's child, and Anna Mae Marshall, decedent's wife, constituted all of decedent's legal heirs."

"Question I. Should an award granting compensation provide for Anna Mae Marshall, Lucien Henry Marshall, Jr. and Bobby Jean Osborne taking compensation in equal shares as total dependents in accordance with the language of Section 38 or should Bobby Jean Osborne, although a dependent in fact of the decedent, be completely excluded from compensation by reason of her not being an heir of the decedent under the laws of descent of the State of Indiana and so not within the class entitled to share in compensation under the provisions of Section 37 or the Workmen's Compensation Act as amended.

"Question II. Does the language of Section 37 of the Workmen's Compensation Act as amended in 1945 preclude Bobby Jean Osborne or other

persons from obtaining awards of compensation as total dependents in fact who are not heirs of the decedent under the laws of descent of the State of Indiana."

Under § 6-2310, Burns' 1933, Lucien Henry ■ Marshall, Jr., is a legitimate child of the deceased employee.

As enacted in 1929, §§ 37 and 38 of the Act read as follows:

"Sec. 37. When death results from an injury within three hundred weeks, there shall be paid a weekly compensation equal to fifty-five per cent of the deceased's average weekly wages during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased on account of the injury, in equal shares to all dependents of the employee wholly dependent upon him for support at the time of his death. If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury the weekly compensation to those so dependent shall be in the same proportion to the weekly compensation of persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury." (§ 40-1402, Burns' 1940 Replacement.)

"Sec. 38. The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a)   A wife . . . .
"(b)   A husband, . . . .
"(c)   A child . . . .

"As used in this section, the term 'child' shall include stepchildren, legally adopted children, posthumous children and acknowledged illegitimate. children, but shall not include married children; the term 'parent' shall include step-parents and parents by adoption.

"In all other cases, questions of total dependency shall be determined in accordance with the fact, as the fact may be at the time of the death, and (the)

question of partial dependency shall be determined in like manner as of date of the injury. If there is *more than one person wholly dependent, the death benefit shall be divided equally among them;* and persons partially dependent shall receive no part thereof.

"If there is no one wholly dependent and more than one person partially dependent, the death benefit shall be divided among the partial dependents according to the relative extent of their dependency. . . ." (§ 40-1403, Burns' 1940 Replacement.) (Our emphasis.)

While Bobby Jean Osborne can not be considered as a stepchild of the deceased, Thornburg v. *The American Strawboard Company* (1895), 141 Ind. 443, 40 N. E. 1062, so as to be conclusively presumed to have been wholly dependent upon him for support under § 38 of the Act, she was nevertheless wholly dependent in fact.

Under §§ 37 and 38 as above written, benefits under the Act were available in equal shares to every person wholly dependent in fact regardless of relationship or other considerations. Those closest and dearest to a man were sometimes required to share the benefits of the Act equally with comparative strangers, and the greater the man's generosity in life, when able to work and produce a much larger income than that afforded under the Act, the greater the dilution of the comparatively meager benefits.

The grievous results possible under the law as it then stood became the more apparent when, in 1943, in Russell v. *Johnson*, 220 Ind. 649, 46 N. E. (2d) 219, our Supreme Court, reversing in part our decision in the same case in 112 Ind. App. 253, 42 N. E. (2d) 392, held that a woman, dependent in fact upon a man with whom she was living in adultery, was entitled to compensation regardless of the fact that the dependency

was embarrassed by her illicit and illegal relationship to the deceased; and the court later approvingly alluded to that decision in *Cole* v. *Sheehan Construction Company* (1944), 222 Ind. 274, 53 N. E. (2d) 172. It was apparent that one effect of that holding, carried to its logical conclusion, would be to entitle a woman dependent in fact upon a man with whom she was living in adultery to share an award equally with his children wholly dependent. Other equally undesirable results undoubtedly suggested themselves, for the Supreme Court, in *Russell* v. *Johnson, supra,* in effect invited the General Assembly to reconsider the subject, and said the situation could not be otherwise remedied.

The Supreme Court held in *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, that it was entitled to review our decisions in compensation cases, and so we recognized and applied the doctrine announced in *Russell* v. *Johnson, supra,* in the case of *Thomas* v. *Central Engineering Const. Co.* (1945), 116 Ind. App. 385, 63 N. E. (2d) 295—two Judges dissenting. Transfer was denied and thus the doctrine was even more firmly implanted in our law.

In 1945, however, after the decision in *Russell* v. *Johnson, supra,* but before our decision in *Thomas* v. *Central Engineering Const. Co., supra,* the legislature by § 6 of ch. 188, Acts of 1945, amended § 37 to read as follows:

> "Prior to April 1, 1945 when death results from an injury within three hundred weeks, there shall be paid a weekly compensation equal to fifty-five percent of the deceased's average weekly wages during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased on account of the injury, in equal shares to all dependents of the employee wholly dependent upon him for support at the time of his death. On and after April 1, 1945 when death results from

an injury within three hundred and fifty weeks there shall be paid a weekly compensation amounting to fifty-five percent of the deceased's average weekly wages during such remaining part of three hundred and fifty weeks as compensation to the dependents of· said deceased *in the proportion as provided by the law of descent of the State of Indiana as to those wholly dependent upon him for support at the time of his death*. If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury the weekly compensation to those so dependent shall be in the same proportion to the weekly compensation of persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury." (Burns' 1945 Supp., § 40-1402.) (Our emphasis.)

The questions now posed arise because the italicized language of § 37 as amended seemed to the Board to conflict with the italicized language of § 38.

Section 37 as amended did not expressly repeal § 38, and repeals by implication are not favored. Section 38 can only be disturbed or influenced by § 37 as amended if the latter is so repugnant to the former as to render the repugnancy or conflict between them irreconcilable. The two sections must be construed together, and they must, if possible, be so construed as to harmonize and give effect to each. *Woodring* v. *McCaslin* (1914), 182 Ind. 134, 104 N. E. 759. *Taylor* v. *Phelan* (1946), ante, p. 40, 69 N·. E. (2d) 145.

We are of the opinion that, so construed, any seeming conflict between them is not real. Each section applies only to the factual situation peculiar to it. Section 37 as amended is intended to and can apply in the regard under consideration only when the deceased dies leaving one or more persons wholly dependent upon him who are also entitled to take under

the laws of descent, for the section makes both dependency and relationship, selective factors. It disenables those in no way entitled to take under the laws of descent from sharing in the award or taking to the exclusion of those who are at once so entitled and wholly dependent; even though the former's total dependency in fact has been established. Thus, the evil results possible under the law before the amendment of § 37 have been at least partially avoided.

Yet a man might die leaving no one both wholly dependent and entitled to take under the laws of descent, but leaving one or more wholly dependent upon him in fact, none of whom are entitled to take under the laws of descent. It is apparent the legislature did not intend to deprive those dependents of an award under those circumstances, and so § 38, wherein dependency is the sole selective factor, was left unchanged to control in that situation. Such are still entitled to take under and in accordance with the provisions of § 38.

Thus, Anna Mae and Lucien Henry Marshall, Jr. take all in the proportion as provided by the laws of descent, each taking one-half. § 6-2320, Burns' 1933. Bobby Jean Osborne takes nothing, at least so long as Anna Mae and Lucien Henry Marshall, Jr., or either of them, continue to qualify.

NOTE.—Reported in 70 N. E. (2d) 772.