CAHALL *v.* HINES, ADMINISTRATOR, ET AL.

[No. 17,963.   Filed February 27, 1950.]

*Vosloh & Vosloh;* and *Paul Haywood,* all of Bloomfield, and *A. D. English,* of Worthington, for appellant.

*Ralph R. McQueen* and *Eugene Weaver,* both of Brazil, *J. Clyde Crane,* of Bloomfield, and *Oscar R. Shields,* of Jasonville, for appellees.

ROYSE, J.—Appellee C. E. Hines, Administrator of the estate of Clarence O. Cahall, deceased, brought this action for a declaratory judgment to determine if appellant was an heir at law of said appellee's decedent.

The appellee Flora Cahall was the widow of said decedent.

The facts were stipulated and may be summarized as follows: Clarence O. Cahall was born on or about June 25, 1901. He was begotten and born out of wedlock. His mother married appellant on or about September 21, 1902, and he acknowledged Clarence Cahall as his child. Subsequently, Clarence Cahall married Flora Cahall. He died intestate on the 17th day of December, 1946. He left surviving him the widow herein and appellant.

On proper request the trial court made its special finding of facts and stated as its conclusion of law thereon that the widow was the sole heir of said decedent. Judgment accordingly.

The error assigned here is the overruling of appellant's motion for a new trial. There being no dispute as to the facts, we need consider only the specification of the motion that the decision of the court is contrary to law.

Appellant contends under the provisions of § 6-2323, Burns' 1933 he is a lawful heir of decedent. He bases this contention on the fact that he married decedent's mother and acknowledged him as his child, and that under the provisions of § 6-2310, Burns' 1933, the decedent became his legitimate child with all the rights and responsibilities of such a child.

> § 6-2323, *supra.*—"If a husband or wife die intestate, leaving no child, but leaving a father and mother, or either of them, then his or her property, real and personal, shall descend three-fourths to the widow or widower, and one-fourth to the father and mother jointly, or to the survivor of them: Provided, That if the whole amount of property, real and personal, do not exceed one thousand dollars ($1,000), the whole shall go to such widow or widower."

§ 6-2310, *supra.*—"If a man shall marry the mother of an illegitimate child, and acknowledge it as his own, such child shall be deemed legitimate."

Appellee Flora Cahall says appellant cannot inherit from decedent because § 6-2310, *supra,* was enacted to benefit the child and not the father. She asserts this statute does not place such a child in the same legal status as a child born in wedlock. For the reasons hereinafter set out we cannot agree with this contention.

In speaking of the effect of statutes similar to § 6-2310, *supra,* it is stated in 7 Am. Jur. 667, § 59:

"The effect of the legitimation of a bastard depends largely upon the terms of the statute under or by virtue of which the legitimation takes place. Some of these statutes provide that on the fulfilment of the requirements enumerated therein the bastard shall become for all purposes legitimate from the time of its birth, but even in the absence of any provision as to their effect they are construed to *put the child on a par with children born in lawful wedlock.* All the reciprocal responsibilities and duties between a father and a legitimate child obtain between him and his legitimated child." (Our emphasis).

On the same subject it is stated in 10 C. J. S. 71, § 14:

"Usually legitimation changes the status, or, as sometimes stated, the status and capacity, of an illegitimate child to the status of a child born in lawful wedlock; in other words the *civil and social status of such child becomes that of a lawful child of the natural father.* Thus, in the absence of a provision to the contrary, the legitimated child and the father stand in their relations to each other as though the child had been born during wedlock, and a legitimated child comes within the provisions of laws relating to legitimate children, and has all the rights of a lawful child or a child born in lawful wedlock." (Our emphasis).

Both the Supreme Court and this Court have consistently held that when the provisions of § 6-2310, *supra,* have been complied with the status of the child is for all purposes that of a child born in wedlock. There is no distinction between such children because there are no degrees of legitimacy. *Brock* v. *State ex rel. Johnson* (1882), 85 Ind. 397, 399; *Binns* v. *Dazey et al.* (1897), 147 Ind. 536, 539, 44 N. E. 644; *Harness et al.* v. *Harness* (1912), 50 Ind. App. 364, 370, 98 N. E. 357; *Tieben et al.* v. *Hapner* (1916), 62 Ind. App. 650, 653, 111 N. E. 644; *In Re Marshall et al.* (1947), 117 Ind. App. 203, 207, 70 N. E. 2d 772.

The child having been legitimatized, certainly the father can inherit from it in the same manner he would inherit from a child born in wedlock.

The appellee Flora Cahall has cited a number of authorities which deny the right of a father to inherit from an illegitimate child. They are not applicable to the facts herein because the decedent was under the law, a legitimate child of appellant.

Therefore, the decision of the Greene Circuit Court is contrary to law. Judgment reversed.

NOTE.—Reported in 90 N. E. 2d 507.