OVERSEER OF THE POOR, BOROUGH OF KENILWORTH, PLAINTIFF-RESPONDENT, v. EDWARD KOZNOWICZ, DEFENDANT-APPELLANT.

Union County Court
Law Division

Decided May 8, 1958.

*Mr. Matthew Grayson,* appeared for plaintiff-respondent (*Mr. Earl Pollack,* attorney).

*Mr. Sol Herships* appeared for defendant-appellant.

BARGER, J. C. C.   On September 9, 1957, in the Municipal Court of the Borough of Kenilworth, the defendant was found guilty of being the father of a bastard child about to be born to one W. · An order of filiation was duly signed by the municipal court relating to the medical and hospital expenses incidental to the birth of the child and providing for the maintenance and support of the child after birth. The order also provided for a bond in the sum of $750, which was filed by the defendant.   On September 16, 1957 the defendant filed his appeal to this court.   A female child was born to W on November 13, 1957.   Pending the appeal filed in this court, the defendant and W were lawfully married on February 2, 1958.

The defendant, by motion duly ·served upon the plaintiff, now moves for an order vacating the order of filiation and discharging the bond filed pursuant thereto, and for a judgment of dismissal upon the ground that the marriage results in an abatement ·of these proceedings and all action heretofore taken thereunder.

The legal question to be determined by the court ·is whether, as a result of the marriage of the defendant and the mother of the child concerned, which results in the legitimatizing of the child, there has been an abatement of the proceedings warranting the entry of the judgment mentioned.

██ The statute involved, *N. J. S. A*. 9 :17–1 *et seq.,* was not enacted for the purpose of punishment of the person determined to be the male parent of the child concerned. Rather, this legislation was enacted for the purpose of providing financial protection to the municipality which would be liable for and chargeable with the expenses surrounding the birth of the child and the maintenance and support of the child thereafter.   *Garwood v. Overseers of Poor of Town-*

*ship of Waterford,* 27 *N. J. L.* 436 (*Sup. Ct.* 1859); *Tuohy v. Boynton,* 5 *N. J. Super.* 265 (*App. Div.* 1949). The proceedings presuppose an illegitimate child. 7 *Am. Jur., Bastards,* § 101, *p.* 692.

This appeal, of course, will result in a trial *de novo,* and the issue in that trial would be the status of this defendant as to the male parentage of the child concerned. *Gaskill v. Overseer of Poor of Downe Tp.,* 36 *N. J. L.* 356 (*Sup. Ct.* 1873). As a result of the marriage of this defendant to the mother of the child the parties have now settled this issue, so that there is no issue remaining to be submitted to a jury in the trial *de novo.*

*N. J. S. A.* 9:15–1 provides that a child born out of wedlock shall be legitimated by the intermarriage of his natural parents. The child here is no longer illegitimate and will never be in any such status again; it cannot be a charge, under the provisions of *N. J. S. A.* 9:17–1 *et seq.,* upon the municipality. In order for the defendant to be found guilty of being the father of the child on the trial *de novo,* it would be necessary to show that the child concerned was a bastard child. This is an impossibility under the admitted facts and circumstances because the child has now been made legitimate as a result of the marriage of the mother and the defendant. To hold otherwise, and permit further prosecution of this appeal, would be contrary to the whole basic policy of the law of this State as to the legitimacy of children, as expressed in our statutes and decisions. *N. J. S. A.* 9:15–1; *Jackson v. Jackson,* 94 *N. J. Eq.* 233 (*E. & A.* 1922). This is true even though the marriage may later be determined to be void. *N. J. S. A.* 9:15–2; *Endres v. Grove,* 34 *N. J. Super.* 146 (*Ch. Div.* 1955).

Let us presume, for the purpose of argument, that the trial *de novo* proceeded and there was a not guilty verdict. Such a verdict would be totally contrary and repugnant to the present and future legal status of the child concerned. In effect, the jury would be undoing what the law has accomplished for the protection of the child. This would

result in a mockery of our moral and legal concepts and principles, and the verdict would clearly be in direct conflict with the provisions of *N. J. S. A.* 9 :15–1. That statute indicates that it is clear and basic policy of the law properly to protect the child by removing, wherever it be possible for the law to do so, the stigma of illegitimacy. *Jackson v. Jackson, supra.*

It is the claim of the mother, through the proofs submitted on this motion by the plaintiff, that the defendant married her merely to escape prosecution, without any intent to consummate the marriage or cohabit with her as man and wife. This if true, does not of course, affect the issue here. The purpose and attitude of the defendant in entering into the marriage ceremony is immaterial because, as previously indicated, the issue is the male parentage of the child involved, and the father, by the marriage, admits that parentage. His good or evil purpose cannot have any effect upon the legal status of the child under our statutes and decisions, either presently or in the future. 10 *C. J. S. Bastards* § 48, *p.* 150.

The legal settlement of the mother or the place of birth of the child, if the mother should have no legal settlement, determines the place of jurisdiction. *State v. Weiss,* 11 *N. J. Super.* 250 (*App. Div.* 1951). The mother and the defendant, who does not deny being the male parent of the child involved, by their voluntary marriage have now removed from this appeal the basic issue relating to the male parentage of the child, and any financial charge or obligation by or upon the municipality concerned, from the date of the marriage, has been terminated. The same conclusion was reached in *Brock v. State,* 85 *Ind.* 397 (*Sup. Ct.* 1882) ; and see 10 *C. J. S. Bastards* § 12, *p.* 61.

Upon proofs being presented to this court that the defendant has fully complied with the order of filiation entered in the municipal court and has discharged his obligations thereunder to the Borough of Kenilworth, a judgment may be presented dismissing these proceedings and discharging the bond filed under the order of filiation.